MICHAEL J. VAIARELLA vs. JAMES F. SHANAHAN
CORPORATION.

Essex.    February 10, 1967. — March 13, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Charge to jury, Requests, rulings and instructions. *Seaman. Vessel. Proximate Cause. Negligence,* Assumption of risk.

The judge's charge to the jury on the issue of proximate cause in an action for personal injuries by a seaman against a shipowner under the Jones Act was adequate in the circumstances, and there was no error in refusing to give an instruction requested by the plaintiff that if "the jury finds that the defendant's negligence played any part, even the slightest, in producing the injuries, then the jury should find for the plaintiff." [242, 244]

In an action by a seaman against a shipowner in which the plaintiff sought recovery for personal injuries on the ground of negligence under the Jones Act and on the ground of unseaworthiness of the defendant's vessel, the record disclosed no occasion to give an instruction requested by the plaintiff that assumption of risk was not a defence. [244]

In view of adequate instructions to the jury on the matter of the defendant's absolute liability in an action by a seaman against a shipowner based on unseaworthiness of the defendant's vessel, there was no error in refusing to give in precise terms certain instructions on that matter requested by the plaintiff. [245]

TORT AND CONTRACT.    Writ in the Superior Court dated July 23, 1963.

The action was transferred to the District Court of Eastern Essex, and, upon retransfer to the Superior Court, was tried before *Lappin, J.*

*Michael B. Latti* for the plaintiff.

*Solomon Sandler* for the defendant.

WHITTEMORE, J.    The plaintiff, a seaman and fisherman, in count 1 of his declaration against the defendant shipowner, alleged negligence and sought recovery under the Jones Act (46 U. S. C. § 688 [1952]).    In count 2, he sought recovery regardless of negligence under general maritime law, alleging that the vessel was unseaworthy.    The jury found for the defendant under both counts and the plaintiff brings before us his exceptions to the judge's charge.

There was evidence from which the jury could have found as follows: The accident occurred at about 8 P.M., April 28, 1963, on the high seas when the plaintiff slipped on a worn step of the companionway ladder leading from the doghouse down to the forecastle. The condition had existed for at least two months prior to the accident and the plaintiff had told the captain about it. The doghouse and companionway were not lighted but there was light from the forecastle at the bottom of the companionway. There were no handholds leading from the doghouse going below; the custom and practice at the time of the accident was to provide handholds in such an area. The plaintiff and other members of the crew had used the ladder many times a day for the prior two months and the plaintiff, when he started down the ladder, knew the companionway was unlighted.

The case was first tried in the District Court of Eastern Essex. The finding of the district judge for the defendant on count 1 and count 2 was in evidence under appropriate instructions.

1. The plaintiff asserts that it was error to decline to charge in respect of count 1 (request No. 3) that if "the jury finds that the defendant's negligence played any part, even the slightest, in producing the injuries, then the jury should find for the plaintiff."

The request reflects the test of whether a case must be submitted to the jury as stated in *Rogers* v. *Missouri Pac. R.R.* 352 U. S. 500, 506 ("whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury"). See also *Webb* v. *Illinois Cent. R.R.* 352 U. S. 512, 515–516; *Ferguson* v. *Moore-McCormack Lines, Inc.* 352 U. S. 521, 523–524; *Gallick* v. *Baltimore & Ohio R.R.* 372 U. S. 108, 113–117; *Davis* v. *Baltimore & Ohio R.R.* 379 U. S. 671.

The plaintiff relies on *DeLima* v. *Trinidad Corp.* 302 F. 2d 585, 587–588 (2d Cir.), where the judge below gave a traditional definition of proximate cause and declined to give an instruction like that before us, except that the concluding words were "the plaintiff may recover." The Court of Appeals said, "Since the language of the requested charge

was taken directly from . . . [the *Rogers* case] a decision which reflects the Supreme Court's view that the Federal Employers' Liability Act . . . and the Jones Act are departures from traditional common law principles, we believe the requested charge should have been given.''

We are disinclined to establish a special rule for instructions in one class of negligence actions. See *Kane* v. *Fields Corner Grille, Inc.* 341 Mass. 640, 642–643 (the better practice is not to refer to ''highest degree of care'' in public carrier cases). The opinions of the Supreme Court of the United States which, as noted, require submission of the issues to the jury if there is the slightest evidence of causal relationship, do not suggest to us that special or unusual instructions should be given to the jury. In the *Gallick* case (372 U. S. 108 at 118), in discussing whether the evidence permitted the conclusion of foreseeability, the court noted and quoted the instructions as to negligence and foreseeability given, as in the case before us, in accordance with long established rules.

The charge in the case at bar was appropriate and clear. Using the language of the Jones Act, the judge said that one of the three elements at issue was whether the plaintiff had sustained an injury which was due ''in whole or [in] part'' to the negligence of the shipowner.[1] After defining negligence and the defendant's duty in the circumstances, he concluded this part of the charge: ''If after having made all these determinations you determine that the plaintiff has satisfied you by a fair preponderance of the evidence that the defendant failed to supply a reasonably safe ship to him, and he was negligent in doing it because he

---

[1] ''[Y]ou will recall that I said to you a moment ago the burden of proof is on the plaintiff to satisfy you by a fair preponderance of the evidence on all the essential elements. Well, of course, the essential elements in count one is proof by a fair preponderance that he was a fisherman in the course of his employment. . . . [O]n the factual situation as we have it here there doesn't seem to be much question about that element of count one. And, of course, the second element to be considered is whether or not he sustained an injury which was due in whole or [in] part by [*sic*] the negligence of the ship owner. And the third element . . . is whether or not the injuries complained of and the damages alleged were causally related to the accident that came about as a result of the negligence on the part of the ship owner.''

either knew of it or should have known of it, then of course the plaintiff is entitled to recover. If he hasn't satisfied you by a fair preponderance on those essential elements, then of course he is not entitled to recover."

The evidence suggested no substantial issue as to the place of the plaintiff's fall. There appeared, therefore, no need for the judge to dwell on the law relative to the causal link between negligence and accident. We rule that it was not error to decline to give request No. 3.

2. The plaintiff excepted also to the judge's failure to rule that "Assumption of the risk is no defense to the negligence of the defendant or the unseaworthiness of the defendant's vessel . . .."

There was no occasion to give this request. The shipowner's duty under each count in respect of supplying a safe ship was duly stated. There was no reason for the judge or the parties to believe that any thought related to this old doctrine, largely a creature of judicial construction, would enter any juryman's mind. The plaintiff suggests that the jury, from the evidence that he had used the companionway for two months, might have concluded that his contributory negligence was sufficient to bar any recovery. This appears most unlikely; the obvious relevance was only that he was well acquainted with its condition and the need of care. The judge duly instructed that contributory negligence would mitigate damages, but not bar recovery. And the judge expressly stated that the plaintiff as a seaman had to serve the vessel and had to work under conditions beyond his control. Although this was in the discussion of unseaworthiness, it was a direct statement of relevance to the whole action of the status of the seaman on the ship. We think it tenuous to suggest that the jury, knowing that the seaman had no choice but to take the ship as he found it, could, contrary, in effect, to the instructions given, find that he was negligent and barred from recovery because he voluntarily entered employment on a ship that turned out to have a defective companionway. See Clark v. Pennsylvania R.R. 328 F. 2d 591, 595–596 (2d Cir.), distinguishing DeLima v. Trinidad Corp. 302 F. 2d 585, 587 (2d Cir.). In

the latter case the court in the special circumstances had said that reference to assumption of risk would have been proper. Compare *Koshorek* v. *Pennsylvania R.R.* 318 F. 2d 364, 366–370. See the dissenting opinion (pp. 371–375).

3. There was no error in declining to give in precise terms requests 7 and 8 (applicable to count 2). "Unseaworthiness is a species of strict liability regardless of fault. It is only necessary to show that the condition upon which the absolute liability is determined — unseaworthiness — exists. Lack of notice or knowledge on the part of the defendant of the unseaworthy condition is no defense . . . liability for unseaworthiness being absolute and completely divorced from concepts of negligence."

The law embodied in these requests was adequately stated. The judge charged that under count 2 the plaintiff is "not compelled . . . to prove negligence on the part of the defendant. This is a right that exists under our maritime laws, and it does not rest upon any theory of negligence. The plaintiff is entitled to recover on this count if he proves to you by a fair weight of the credible evidence that the vessel was unseaworthy and that the unseaworthiness contributed in whole or in part to his injuries. . . . [B]y reason of this relationship . . . the crewman has to serve the vessel. He must obey orders . . . and work under conditions that are beyond his control. This establishes an absolute duty on the part of the owner to supply to him a ship that is seaworthy. . . . [I]f it is unseaworthy it does not have the equipment, the gear, and the appliances and the tools reasonably fit and adequate to perform the job at hand. . . . [That] a vessel is seaworthy . . . means more than the vessel is sound for the purpose of sailing on the high seas. If a vessel or any of its equipment are not reasonably fit for a seaman to perform his work, then the ship is unseaworthy." The judge appropriately charged also with a quotation from *Mitchell* v. *Trawler Racer, Inc.* 362 U. S. 539, 550, that though "[t]he duty is absolute . . . it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use."

*Exceptions overruled.*