BOB BERMAN ASSOCIATES, INC. *vs.* MICHAEL GROSS & another. April 27, 1983. The defendants appeal from a default judgment entered upon their alleged failure to comply with discovery orders. From a scant record it appears that the defendants produced nine out of twelve categories of documents sought by the plaintiff under Mass.R.Civ.P. 34, as amended, 385 Mass. 1212 (1982), and that the defendants' assertion was plausible that documents described in two of the remaining categories were non-existent. (One category was cancelled checks or other written evidence of payment of the plaintiff's bills, which the defendants admitted had not been paid. The other was any stock certificates of a close corporation owned by the defendants, and the defendants assert that the corporation never issued any stock certificates.) The defendants' stated reason for nonproduction of the remaining category of records (copies of

all correspondence between the close corporation and officers of any cities and towns in which it did business) was that the documents in question had been subpoenaed with many other corporate records by a Federal grand jury in New York and had been forwarded from there to an Internal Revenue Service office in Albany. They produced copies of the subpoena and a receipt signed by an Assistant United States Attorney. The defendants claim to have tried to secure copies of the documents without success. The record does not indicate that the last category of records has any particular relevance to the plaintiff's contract action for payment for advertising services, nor does the record indicate with clarity that any of the succession of four motion session judges before whom the plaintiff's motions were heard made the key factual determination that the defendants' failure to produce records in the last three categories was "wilful." Mass.R.Civ.P. 37(b)(2), 365 Mass. 798 (1974). See *Litton Business Tel. Syss.* v. *Schwartz,* 9 Mass. App. Ct. 847 (1980), where we indicated a preference for a statement of reasons when the serious sanction of default is imposed.

Unlike *Litton Business Tel. Syss.* v. *Schwartz,* 13 Mass. App. Ct. 113 (1982), where a default judgment was affirmed on a record that "showed a deliberate withholding of material" (*id.* at 117), the record here, despite indications of some tardiness, has indications of "extensive efforts at compliance," *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.* v. *Rogers,* 357 U.S. 197, 211 (1958), quoted in *Partlow* v. *Hertz Corp.,* 370 Mass. 787, 790 (1976), and no evidence of."deliberate withholding." In *Henshaw* v. *Travelers Ins. Co.,* 377 Mass. 910 (1979), a default judgment based on a failure to make discovery was reversed despite extensive delay where, "on consideration of all the circumstances . . . the consequences flowing from the default judgment exceed[ed] the bounds of reasonableness." The delay in this case was far shorter and does not by itself justify a sizeable default judgment. In all the circumstances we think that the interests of justice require that we reverse the succession of orders by different judges which led in stages to a harsh result without, so far as appears, any definitive determination of wilful disobedience. The following orders are reversed: (a) the order which threatened default if the defendant should fail to produce the sought-after materials within seven days, (b) the order of default, and (c) the ensuing judgment; all without prejudice to the assessment of expenses or to the imposition of reasonable sanctions under Mass.R.Civ.P. 37(b) if it should be determined hereafter that the defendants' failure to produce was in fact wilful. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Sara Lee Gens* for the defendants.
*David E. Neitlich* for the plaintiff.