Ruma, J.
This is an action in contract in which the plaintiff alleged that the defendant failed to pay wages under an employment contract and that the failure to pay the wages constituted an unfair and deceptive act under G.L. c. 93A. The defendant denied the claim and alleged that the plaintiff deferred wages in exchange for an option to purchase stock of the defendant corporation. The defendant also filed a counterclaim charging the plaintiff with breach of the employment contract, interference with a contractual relationship of the defendant with third parties, and malicious prosecution. After trial, the court found for the plaintiff in the sum of $11,739.12 for back wages, and for $11,739.12 under G.L. c. 93A. The court found for the plaintiff on the defendant’s counterclaim.
The defendant did not file requests for rulings of law prior to closing argument, but filed a motion for leave to file its requests for rulings of law late one week after the trial concluded. The defendant also filed a series of post-judgment motions including a motion for a new trial, a motion to amend the court’s findings of fact and judgment, and a motion to reconsider the denial of the motion to file late requests for rulings of law. All of these motions were denied without comment by the judge and the defendant appealed to this Division from the denials. The reported evidence indicates the following:
The plaintiff began working for the defendant as a program analyst in 1981. During the latter part of 1982, the defendant experienced a cash flow problem and was unable to meet the payroll. On January 10,1983, the plaintiff and the principal officer and stockholder on behalf of the defendant entered into a written employment contract and a stock option plan which provided, in part, that:
For all services rendered by the employee under this agreement, *108 CMC shall pay the employee an annual salary [of] $25,000.00 per year - $2,083.33 per month. On or before thirty days from the date of this agreement, the employee shall have the right, upon serving written notice upon CMC, to acquire capital common stock provided he executes the attached stock purchase agreement and pays the sum of $150.00 in cash to CMC.
The defendant alleged the stock was transferred to the plaintiff on the corporate books and records as part of the plaintiffs salary even though the plaintiff never exercised the option nor consented to receive less than the salary promised. The judge further found that the company could not issue stock to the employee without his written request or assent. The plaintiff voluntarily agreed to defer his salary until the date of his termination on February 24,1984. The trial judge found the defendant owed the plaintiff a back salary and that the refusal to pay was unwarranted and in bad faith which constituted an unfair and deceptive act under G.L. c. 93A.
The defendant’s post-trial motions raised many overlapping and redundant issues. The first question is whether the denial of the motion for late filing for requests for rulings of law was an error of law. The defendant, through alleged inadvertence, failed to present its requests for rulings of law before the beginning of closing argument as required by Dist./Mun. Cts. R. Civ. P., Rule 64(b). The rule, in part, states:
Requests for rulings shall be in writing and be presented to the court before the beginning of any closing argument unless special leave is given to present requests later.
This motion was addressed to the discretion of the trial judge. The motion was docketed on October 28, 1987, one week after the trial concluded. Requests for rulings must be filed in a “timely fashion.” Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982). The denial of requests for rulings of law filed one week after the close of the trial was warranted and within the trial judge’s discretion. The defendant did not seek leave, before closing argument, to present its requests later as required by the rule. Carlsburg Printers, Inc. v. Shields, 56 Mass. App. Div. 131, 132 (1975). The defendant failed to demonstrate an abuse of the trial judge’s discretion in denying its motion to file requests for rulings of law late.
The second question is whether the denials of the motion for a new trial and motion to amend the finding and judgment were errors of law. The motion for a new trial under Dist./Mun. R. Civ. P., Rule 59(a) asserted that requests for rulings of law were not included in the record, that the findings of fact made by the judge were inconsistent with the reported evidence, that necessary testimony was excluded during the trial, and that the judgment for the plaintiff under G.L. c. 93A was a mistake of law. The motion to amend the finding and judgment under Dist./Mun. Cts. R. Civ. P., Rules 52 and 59(e) repeated the claims of error made under the motion for a new trial and also asserted that the judge made errors in interpreting the employment contract and testimony during the trial.
We affirm the denial of the defendant’s motion for a new trial on Count I, but we reverse the denial of the motion to amend the finding and judgment by vacating the judgment against the defendant under Count II relating to a violation under G.L. c. 93A.
A trial judge has broad discretion in the disposition of a motion for a new trial. An abuse of discretion consists of judicial action that no conscientious judge, acting intelligently could honestly have taken. Davis v. Boston Elevated *109 Railway, 235 Mass. 482, 502 (1920); Bartley v. Phillips, 317 Mass. 35, 43 (1944); Egan v. Holderman, 26 Mass. App. Ct. 942, 944 (1988). Dist./Mun. Cts. R. Civ. P. 59(a) states in part:
A-new trial may be granted for newly discovered evidence, for mistake of law injuriously affecting substantial rights of the moving party, or for any other reason for which the court may deem necessary a new trial to prevent a failure of justice.
No such grounds were advanced by the defendant herein. Instead, the defendant contends that a new trial should have been ordered because request for rulings were not made part of the record, because the court excluded certain testimony and because the court’s findings for the plaintiff was inconsistent with his rulings. The absence of rulings of law in the record resulted from the defendants’ failure to comply with Dist./Mun. Cts. R. Civ. P., Rule 64(b). The defendant also failed to claim a report from the exclusion of evidence as required by Dist./Mun. R. Div. P., Rule 64(a), and thus waived any further consideration of evidentiary questions.
Although the question of a possible inconsistency between the court’s findings and rulings may be raised by a new trial motion, Torien v. Bullen, 1987 Mass. Ap., Div. 142, no real inconsistency has been demonstrated by the defendant. The defendant’s motions, in fact, sought merely to reargue the case. The judge’s written findings were not inconsistent with the reported evidence. A j udge’s findings of fact may not be disturbed unless they are “plainly wrong.” Larabee v. Potvin Lumber Co., Inc., 390 Mass. 636, 643, (1983). The judge’s finding that the plaintiff was not shareholder of the defendant corporation is consistent with the evidence reported. The plaintiff did not make a written request as required by the stock agreement. The defendant never actually issued any shares of stock to the plaintiff. The defendant’s books and records reflected that sixteen shares of the corporation had been placed in the name of the plaintiff in lieu of salary, but the plaintiff denied this. The judge could have disbelieved the defendant and found there was no such understanding. George v. Quincy Co-op Bank, 5 Mass. App. Ct. 771 (1977). The parties entered into a stock option agreement and the plaintiff never exercised the written option. The judge’s finding that the plaintiffs salary was payable on demand is consistent with the plaintiffs testimony that he demanded his back salary when the employment was terminated. The defendant failed to establish an abuse of discretion in the judge’s denial of its motion for a new trial on Count 1. Rule 59 (e) of the Dist./Mun. Cts. R. Civ. “is designed to correct judgments which are erroneous because they lack legal or factual justification.” Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Commission, 394 Mass. 233, 237 (1985); Page v. New England Telephone & Telegraph Co., 383 Mass. 250, 252 (1981).
On Count II the judge found the defendant used unfair and deceptive practices in violation of G.L. c. 93A consisting of the defendants’ bad faith refusal to honor the plaintiffs claim for wages. This finding is contrary to the well established rule of law that the provisions of G.L.c. 93A are inapplicable to actions arising out of an employer-employee relationship. Manning v. Zuckerman, 388 Mass. 8, 12 (1983); Weeks v. Harbor National Bank, 388 Mass. 141, 144 (1983). The defendant’s motion to amend the finding and judgment should have been allowed as to Count II.
The trial court’s judgment on Count I is affirmed. Judgment on Count II is vacated and judgment shall enter for the defendant.