LEONARD R. FRIEDMAN *vs.* GLOBE NEWSPAPER COMPANY & others.[1] No. 94-P-9. February 22, 1995. *Practice, Civil*, Complaint, Dismissal, Judicial discretion.

In violation of G. L. c. 231, § 13B, which prohibits the inclusion in a complaint of the amount of money claimed, unless that amount is liquidated (e.g., a promissory note) or susceptible of calculation (e.g., a broker's commission), the plaintiff inserted in his complaint of libel an ad damnum of $7,200,000. Instructed by a judge of the Superior Court to expunge the ad damnum, the plaintiff persistently failed to do so. Ultimately, the judge dismissed the complaint and ordered entry of judgment for the defendants. This appeal followed.

The Superior Court dismissed the plaintiff's initial complaint without prejudice, explaining in writing that the ground of dismissal was a violation of G. L. c. 231, § 13B, and, should the plaintiff file an amended complaint, it was to be accompanied by a verified statement itemizing the plaintiff's claimed damages, as required by Superior Court Rule 29. We may skip over a first amended complaint which, although dated later than the judge's order of dismissal, was filed five days before the order of dismissal was docketed. Another amended complaint (the plaintiff's third complaint) still included the $7,200,000. Simultaneously, the plaintiff filed

---

[1] Alison Bass and Bella English.

a "motion to restate damages" in which he undertook to explain how, on the basis of potential earning power over a three-year period, he had arrived at the $7,200,000 figure. The judge allowed that motion as satisfying Superior Court Rule 29. As to the complaint, the judge "admonished [the plaintiff] one last time to *read carefully* that statute [G. L. c. 231, § 13B,] and *comply* with its mandate" (emphasis original) or else face appropriate sanctions for willful noncompliance with the court's orders.

There followed a fourth effort by the plaintiff at submitting to the court a complaint that conformed with law. This time different numbers appeared: damages of between $105,000 and $1,105,000 for the first six months after March 7, 1992, the date the first allegedly libellous article appeared, and the same range of damages for each succeeding six-month period. Two months later, on November 5, 1992, the plaintiff moved for leave to file a fifth version of his complaint. Now the $7,200,000 figure reappeared, with an alternative provision claiming a minimum of $162,000 or maximum of $1,182,000 for every six-month period since March 7, 1992. The defendants opposed the motion, and the Superior Court judge's abundant patience became exhausted. He ordered dismissal of the complaint, this time with prejudice. Explaining his order, the judge wrote:

> "Although proceeding pro se, the plaintiff appears to be well educated [he had been awarded degrees in medicine and law] and able to understand the clear language of G. L. c. 231, § 13B, and the court's prior orders relevant thereto. No reason for noncompliance with the court's prior orders has been advanced by the plaintiff."

Of the points which the plaintiff urges on appeal, the only one which we think requires discussion is that the judge abused his discretion by dismissing the complaint, rather than simply striking the offending material from the complaint. Under Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), a judge, on motion of the defendant, has discretion to dismiss an action for failure to comply with a court order. See *Mmoe* v. *Commonwealth*, 393 Mass. 617, 621 (1985). That a judge possesses such a power was understood long before enactment of the Rules of Civil Procedure. *Nickerson* v. *Glines*, 220 Mass. 333, 334-336 (1915). In that case, at 336, the court observed, "If the court does not possess the power to enforce its just order . . ., it would be impotent in the face of a recalcitrant party." In circumstances of obduracy by a plaintiff similar to those displayed here, the court in *Figueroa Ruiz* v. *Alegria*, 896 F.2d 645, 649 (1st Cir. 1990), regarded it as well established that when "a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." See also Smith & Zobel, Rules Practice § 41.8 (1977).

While the sanction of striking the offending material was a measure available to the judge, the sterner measure of dismissal, as we have indicated, lay within his discretion, and an appellate court will not reverse a trial court judge in the exercise of discretion unless that discretion has been abused. See *Telch* v. *Hamburger*, 259 Mass. 21, 22 (1927); *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 641 (1986); *Figueroa Ruiz* v. *Alegria*, 896 F.2d at 647. Compare *Monahan* v. *Washburn*, 400 Mass. 126, 128-129 (1987) (but see *id.* at 130 [Hennessey, C.J., concurring]). There was nothing arbitrary, capricious, or heavy-handed about the Superior Court judge's action. He had shown considerable patience and sent up a warning signal to the plaintiff that his failure to comply with statutory mandate would have consequences. Compliance with the judge's order was a simple matter, and removal from the complaint of the ad damnum did not prevent the plaintiff from attempting to state in other places — as, indeed, he had done — what damages he was pursuing.

*Judgment affirmed.*

*Leonard P. Friedman*, pro se.
*Jonathan M. Albano* for the defendants.