Furnari, J.
(Concurring in part and Dissenting in part) I agree that the trial judge’s failure to conduct a full evidentiary hearing on the plaintiffs motion for an assessment of triple damages constituted clear and prejudicial error, and I join in the order vacating the default judgment and returning this case to the trial court for further proceedings. I respectfully dissent, however, from the majority’s decision to restrict such proceedings to a hearing for the assessment of damages, for the record in this case compels the conclusion that the motion judge abused his discretion in precluding a trial on the merits by denying the defendant's motion to vacate the default and file his answer late.
For the past twenty years, the courts of this Commonwealth have utilized civil and appellate rules which were expressly promulgated to simplify procedure to insure not only the expeditious, but also the just, determination of every action. Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Commission, 394 Mass. 233, 237 (1985); Guardianship of Bassett, 7 Mass. App. Ct. 56, 66 (1979). In furtherance of that goal, the rules are liberally construed, and the former rigid emphasis on technicality has appropriately and properly yielded to a pragmatic judicial insistence upon substance over form, and justice over procedural refinement.
The broad discretion accorded to trial judges to relieve a party from unreasonable consequences of procedural non-compliance can be properly exercised only in conformity with the spirit and intent of the rules, and the established judicial policies underlying the same. The latter includes the “strong judicial preference for seeing serious and substantial cases dealt with on the merits with representation of all parties by counsel, rather than by default.” Scannell v. Ed. Ferreirinha & Irmao LDA, 23 Mass. App. Ct. 465, 470 (1987). Thus while judicial discretion under the rules is broad, it is not unlimited. Appropriate appellate review of the exercise of such discretion must encompass an objective consideration of arguments that the judicial action in question involved the misapplication of governing standards, or was “unduly stern,” see Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 430 (1986), or so “heavy-handed,” see Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 925 (1995), that, in the light of all relevant circumstances, it constituted an abuse of discretion.
At issue herein is a judicial response to a pro se defendant’s failure to file an answer within the required time. Consistent with the “relentlessly functional approach” of the rules, Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 58 (1984), is the recognition that the singular purpose of an answer is to provide the plaintiff with notice of defenses. The defendant’s service of an answer on plaintiff’s counsel herein within the time ordered by the court afforded the plaintiff adequate pre-trial notice of the defendant’s claims and counterclaims. The defendant’s mistake in failing to file the same answer with the court did not deprive the plaintiff of any of the benefits he was entitled to derive from a responsive pleading. The plaintiff in fact presented no opposition to the defendant’s request to remove the default. That the plaintiff was in no way prejudiced by the defendant’s procedural error and did not even object to the defendant’s effort to correct the same were factors militating against the denial of the defendant’s Rule 55(c) motion. See generally, Dewing v. J. B. Driscoll Agency, 30 Mass. App. Ct. 467, 470 (1991).
Nor could the motion judge have properly denied relief to the defendant merely because of the passage of time herein. The delay in question between default entry and the defendant’s Rule 55(c) motion was four months, and the defendant made good faith, albeit unsuccessful, efforts to comply with the court’s directives during this period. See Bob Berman Assoc., Inc. v. Gross, 15 Mass. App. Ct. 1000, 1001 *139 (1983). Neither this time period per se, nor the record in general, in fact support a characterization of the defendant as recalcitrant, obdurate, dilatory or intentionally non-compliant. Compare Friedman v. Globe Newspaper Co., supra at 924.
Finally, and most significantly, the defendant’s proposed answer and amended answer advanced meritorious defenses and counterclaims in opposition to the plaintiffs action which strongly indicate that a default and resulting judgment will “operate with harshness totally disproportionate” to the defendant’s procedural errors. Feeney v. Abdelahad, 6 Mass. App. Ct. 849, 850 (1978). The defendant alleges that the plaintiff misrepresented by $7,000.00 the value of two vehicles traded to the defendant as partial payment for the repair work, further failed to pay $3,000.00 for additional work performed at the plaintiff’s request, and executed a written release of all claims against the defendant. The palpable doubt cast by the defendant’s proposed defenses on both the merits of the plaintiff’s claim and the amount of actual and punitive damages sought should have alerted the motion judge to the need for a trial on the merits herein in the interests of justice.
On the basis of the foregoing, I would rule that the judge’s denial of the defendant’s Rule 55(c) motion was an abuse of discretion and I dissent, therefore, from the majority’s decision affirming the same.