Curtin, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal of a judgment for the defendant on plaintiffs complaint for attorney’s fees.
The record indicates that in March, 1991, the defendant retained the plaintiff-attorney to represent him in his ongoing divorce action, and executed a fee agreement prepared by the plaintiff. The agreement provided, inter alia, for a $175.00 hourly rate for legal services and for a “final bill” calculated in consideration of both time expended and the factors prescribed by the Supreme Judicial Court for the determination of a reasonable attorney’s fee.
In the ensuing twelve month period, the plaintiff secured a reduction in the amount of a temporary alimony order previously entered against the defendant and the return of a $4,000.00 payment the defendant had made to his wife. No divorce decree, however, was obtained, nor was the case even brought to trial. The plaintiff was discharged as defendant's attorney in late February, 1992. The defendant paid a total of $31,174.51 in legal fees to the plaintiff, who thereafter commenced this suit to recover an alleged balance of $8,770.31 in unpaid fees.
After approximately three days of trial, the trial judge made extensive written findings of fact and entered judgment for the defendant.
1. The plaintiff's principal argument is that the defendant’s failure to pay the full amount she billed for her services constituted a breach of contract as a matter of law, and that the trial court thus erred in refusing to award damages to the plaintiff in the amount of her claim.[1] The plaintiff failed, however, to file a request for ruling *111 of law[2] that the evidence was insufficient to permit a finding for the defendant or, conversely, that the evidence required a finding in the plaintiffs favor as a matter of law. Mass. R. Civ. P., Rule 64A(b). The plaintiff waived, therefore, any right to appellate review of her contention that the court’s ultimate finding for the defendant was error. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Massachusetts General Hosp. v. Quincy, 348 Mass. 791 (1965); Reid v. Doherty, 273 Mass. 388, 389-390 (1930); Jerauld v. Sears, Roebuck & Co., 1991 Mass. App. Div. 53, 54.
2. The plaintiff also argues that the trial judge’s written findings of fact denying her claim for additional attorney’s fees were contrary to the evidence. The argument is devoid of merit.
The plaintiff’s claim for unpaid legal fees required the trial court to determine what amount constituted a fair and reasonable charge for the legal services rendered. That question was one of fact for the trial court, Mulhern v. Roach, 398 Mass. 18, 23 (1986); Guernard v. Burke, 387 Mass. 802, 808 (1982), to be resolved on the basis of the criteria set forth in Cummings v. National Shawmut Bank, 284 Mass. 563 (1934). Margolies v. Hopkins, 401 Mass. 88, 93 (1987); Keville v. McKeever, 42 Mass. App. Ct. 140, 155-156 (1997). A trial judge’s findings of fact on this issue are accorded the usual appellate deference and will not be set aside unless “clearly erroneous.” Cargill, Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 363 (1997); First Nat’l Bank v. Brink, 372 Mass. 257, 265 (1977).
The relevant factors to be considered in the judicial determination of a reasonable attorney’s fee include:
the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount or the value of the property affected by controversy, and the results secured.
Cummings v. National Shawmut Bank, supra at 569. It is clear from the trial judge’s findings herein that he properly utilized the standard criteria in determining that a reasonable fee for the plaintiff’s legal services did not include the additional amount sought in this action. Specifically, the judge considered the comparatively uncomplicated nature of the divorce action, which involved a childless marriage of less than two year’s duration; the small amount of the defendant’s assets, which were less than the total fees billed by the plaintiff; the plaintiff’s lack of legal experience; the time expended; the plaintiff’s billings for non-legal services (see note 1, supra); and the plaintiff’s ultimate failure to obtain the divorce sought by her client. The trial judge’s findings of fact were amply supported by the evidence adduced at trial and were not “clearly erroneous.”
3. Finally, there is no support in the record before us for the plaintiffs final contention that the trial judge was biased and prejudiced against her.
The plaintiff’s conclusory allegation that the judge had made rulings adverse to her client in a prior case in which she served as counsel would not alone support a determination of judicial bias. Nor has the plaintiff identified anything in the judge’s statements or conduct in this case which remotely suggests a lack of *112 impartiality, or which exceeded the proper boundaries of a trial judge’s role in directing the course of a trial. See Adoption of Seth, 29 Mass. App. Ct. 343, 350 (1990). On the contrary, a review of the record indicates that the trial judge exercised truly admirable and unfailing patience, courtesy and fairness in dealing with counsel for both parties throughout the unduly protracted three day trial of this action. We find it indicative of the lack of merit in the plaintiff’s argument that at no time during the trial court proceedings did she ever object, or move for either a mistrial or the recusal of the judge, on the grounds of the bias she now alleges. Poly v. Moylan, 423 Mass. 141, 150 (1996); Turesky v. Carp, 1993 Mass. App. Div. 141, 149 n. 6.
The trial court’s judgment for the defendant is affirmed. The plaintiff’s appeal is dismissed.
So ordered.

 The parties agreed that the $8,770.31 balance claimed in the plaintiff’s complaint was overstated by $1,400.00 for inadvertent double billing by the plaintiff for one court date, and by $1,050.00 for the services of another attorney who substituted for the plaintiff on a given date and who received payment directly from the defendant. The alleged balance was further reduced by $297.87, the amount charged by the plaintiff as “interest” upon unpaid bills. The court properly ruled that the parties’ fee agreement contained no provision for interest. With respect to the $6,022.44 still in controversy, there was evidence that a substantial number of the plaintiff’s bills included secretarial or clerical work such as “copying,” “xeroxing,” “typing,” “printing,” “envelopes,” “mailing,” “Faxing,” or “billing.” The trial judge correctly ruled that the fee agreement did not permit application of the plaintiff’s $175.00 hourly rate for legal services to these secretarial tasks.

 The plaintiff filed twelve requests “for rulings of law.” The court allowed the first request, which is not here relevant, and denied the remaining eleven as requests for findings of fact. See, as to the propriety of the denial of requests for findings, Huikari v. Eastman, 362 Mass. 867 (1972); Frontiero v. Brown, 1996 Mass. App. Div. 82, 83. The plaintiff has not appealed the court’s ruling as to the factual nature of her requests.