Coven, J.
This is a Dist./Mun. Cts. RAD. A., Rule 8C appeal by the plaintiffs of a judgment for the defendants in two motor vehicle negligence actions which were consolidated for trial.
The actions are predicated upon allegations by the four plaintiffs as to a motor vehicle accident which occurred during a heavy snow storm in 1993. The plaintiffs alleged and argued that they were passengers in a car driven by third-party defendant Hai V. Tran, and that they were injured when Tran’s car collided with a vehicle operated by defendant Vazquez and owned by defendant Torres. All of the plaintiffs testified at trial, often giving inconsistent accounts of the circumstances. Athough each plaintiff testified that he or she was a passenger in Tran’s car, none was able to testify that he or she saw the accident, saw the Vazquez car before or after the collision, or recalled details of the accident.
After a two day trial, the trial judge made express written findings clearly stating that he affirmatively disbelieved the plaintiffs’ testimony and was unpersuaded that they were either in the car at the time in question or injured. The judge made an additional finding that he was unpersuaded by the evidence that defendant Vazquez was negligent in the operation of his vehicle.
1. The plaintiffs’ first argument on appeal is that the trial courfis findings of fact constituted an affirmative finding of fraud by the plaintiffs, and that the evidence was insufficient to support such a finding for the defendants on their affirmative defense of fraud. The plaintiffs’ argument merely mischaracterizes the courfs findings and ignores the trial judge’s role as the finder of fact in a trial without a jury.
It is elementary that the burden was on the plaintiffs to satisfy each of the elements of negligence by a fair preponderance of the evidence. DeJesus v. Vogel, 404 Mass. 44, 51 (1989); Vaiarella v. James F. Shanahan Corp., 352 Mass. 241, 243-244 (1967). The plaintiffs bore the burden of both production and persuasion, The Clark-Aiken Co. v. Cromwell-Wright Co., 367 Mass. 70, 76 n.6 (1975), in establishing the defendants’ negligence, the injuries they allegedly suffered and a causal connection between the two. Cannon v. Sears Roebuck & Co., 374 Mass. 739, 742 (1978); Sullivan v. Hamacher, 339 *6 Mass. 190, 194 (1959); Glicklich v. Spievack, 16 Mass. App. Ct. 488, 492 (1983).
It was the trial judge’s responsibility to assess the weight and credibility of the evidence presented, New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977); Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997); Chester v. Medford, 1994 Mass. App. Div. 69, 70, and, in so doing, he was not bound to accept even uncontradicted testimony. Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979). As the court’s findings of fact expressly and unequivocally state, the trial judge simply disbelieved the plaintiffs’ testimony, as he was entitled to do. Disbelief of testimony, however, is not the equivalent of either proof, or findings, of facts to the contrary. Commonwealth v. Haggerty, 400 Mass. 437, 442 (1987); Hillman v. Roman Catholic Bishop of Fall River, 24 Mass. App. Ct. 241, 243-244 (1987); Kunkel v. Alger, 10 Mass. App. Ct. 76, 86 (1980). Thus the trial judge’s clear and specific findings that the plaintiffs were not credible and that they had failed to sustain their burden of persuasion were not legally tantamount to an additional determination that the defendants had satisfied their burden of proving fraud. Nor can the court’s findings be reasonably read and construed as such.
2. There is also no merit in the plaintiffs’ second argument that the trial court erred as a matter of law in refusing to enter a default judgment pursuant to Mass. R. Civ. R, Rule 37 (b) (2) (c) for the failure of defendant Vazquez, who lived in Florida, to appear at a deposition in Lowell, Massachusetts. The plaintiffs suggest that the trial judge refused to enter judgment in their favor solely because of his awareness that the defendants were represented by their insurance company.
The plaintiffs' argument ignores the salient fact that they failed to follow the proper procedures to obtain a court order requiring a deposition, and were thus not entitled to a default judgment pursuant to Rule 37 (b) (2) (c). Rule 37 (b) (2) permits the imposition of sanctions only where a party “fails to obey an order to provide or permit discovery.” See, e.g., Gos v. Brownstein, 403 Mass. 252, 256 (1988); Berman Assoc., Inc. v. Gross, 15 Mass. App. Ct. 1000, 1001 (1983). No deposition of defendant Vazquez was ever affirmatively allowed or ordered by the trial court.
Nor were the plaintiffs entitled on the basis of the record in this case to a default judgment pursuant to Rule 37 (d) which requires a willful failure to attend a deposition after proper notice. Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 406 n.7 (1987). Pursuant to Rule 37 (d), the trial court would have been permitted, but not required, in the exercise of its discretion to order the ultimate sanction of default only upon a clear demonstration that the non-resident defendant’s failure to attend a Massachusetts deposition was the product of willfulness, bad faith or fault. Gos v. Brownstein, supra at 257; AT&T Universal Card Serv. Corp. v. Reynolds, 1996 Mass. App. Div. 219, 221 n.4. The plaintiffs made no such demonstration in the instant case.
3. Finally, the plaintiffs allege that certain pretrial comments by the trial judge indicate that he unfairly prejudged the case. The transcript reveals otherwise.
We note initially that despite the plaintiffs’ allegations on this appeal, they never objected to the trial judge’s comments, filed a motion for a mistrial on the grounds of judicial bias, or requested the judge’s recusal. The absence of such a motion often indicates that a judge’s comments were not perceived as prejudicial at the time or in the context in which they were made, Boston v. United States Gypsum Co., 37 Mass. App. Ct. 253, 255 n.7 (1994), and is a factor to be considered in assessing the validity and genuineness of a losing party’s later claim of bias. Poly v. Moylen, 423 Mass. 141, 150 (1996); Malone v. Civil Service Commission, 38 Mass. App. Ct. 147, 153-154 (1995); Law Office of Barbara C. Johnson v. Donahoe, 1997 Mass. App. Div. 110, 112. Moreover, the failure to file a motion for recusal deprives a trial judge of a contemporaneous opportunity to confront the issue directly, to “consult first his own emotions and conscience” as to impartiality, to assess objectively any appearance of bias, and to issue an appropriate ruling. Lena v. Commonwealth, 369 Mass. 571, 575 (1976). See also, Fidelity Mgmt. & Research Co. v. Ostrander, 40 *7 Mass. App. Ct. 195, 202 (1996). The question of disqualification is generally deemed a matter resting within the trial judge’s discretion. Harris v. Board of Trustees of State Colleges, 405 Mass. 515, 527 (1989); Parenteau v. Jacobson, 32 Mass. App. Ct. 97, 99 (1992).
We note also that for any alleged bias or prejudice to be disqualifying, it must arise from an extrajudicial source rather than from something learned from participation in the case. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 524-525 (1997); Howe v. Prokop, 21 Mass. App. Ct. 919, 919-920 (1985). A trial judge’s formation of an opinion based on what he or she has learned in the course of the proceedings or related proceedings does not require recusal. Adoption of Seth, 29 Mass. App. Ct. 343, 351 (1990).
Our review of the record in this case indicates that the trial judge made no comments indicating bias or prejudice. All of the statements about which the plaintiffs now complain were expressly qualified by the judge who indicated that he would listen to the evidence prior to making any determination. Such qualified statements fell well short of establishing any inability to be impartial or to rule fairly. See Haddad v. Gonzalez, 410 Mass. 855, 862-863 (1991); Supreme Judicial Court Rule 3:09, Code of Judicial Conduct Canon 3(c)(1). Moreover, the judge’s specific findings of fact adequately supported his ultimate determination as to the plaintiffs’ credibility, rendering the plaintiffs’ allegations of prejudicial bias unpersuasive. Demoulas v. Demoulas Super Markets, Inc., supra at 526. In short, the plaintiffs have failed to demonstrate that the trial judge lacked the capability to fairly and impartially decide the issues in this case. Harris v. Board of Trustees of State Colleges, supra at 528.
Appeal dismissed.