Curtin, J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) payments for medical services provided by plaintiff Boston Spine Clinics, Inc. (“Boston Spine”) to the defendant’s insured. Judgment was entered for defendant Middlesex Insurance Co. (“Middlesex”), and Boston Spine thereafter filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal of the court’s general finding.
There is no dispute about the insured’s period of treatment by Boston Spine or the payment by Middlesex of only a portion of Boston Spine’s bills for that treatment. The insured was injured on December 10,1996 in a motor vehicle accident, and received medical services from a number of providers which included Boston Spine, a chiropractic treatment center. The insured received chiropractic services from Boston Spine from December 11,1996 to March 19,1997.
On February 10,1997, Middlesex received medical bills and records from Bos-ton Spine for its treatment of the insured from December 11,1996 through January 13, 1997 during which time there were approximately twenty office visits. Eight days later, on February 18, 1997, Middlesex notified Boston Spine that the bills and reports would be submitted for a medical records reviéw. Such review was conducted by one Dr. Sittinger, a licensed chiropractor, who determined that treatment of the insured through January 13,1997 had been reasonable and medically necessary, but that additional treatment was not required. Middlesex so notified Boston Spine and paid PIP benefits in the amount of $2,006.00 for all services rendered by Boston Spine through January 13, 1997. Middlesex denied Boston Spine’s claim for $1,622.00 for chiropractic services provided to the insured after January 13,1997. This action followed.
Conflicting expert testimony was given at trial on the issue of whether the chiropractic services in question were reasonable and necessary. Boston Spine offered the testimony of Doctors Havistro and Monton that the full treatment it provided to the insured through March 19, 1997 was medically reasonable and necessary. The opposite opinion was given by Dr. Sittinger who testified for Mid-dlesex. Neither party filed Mass. R. Civ. R, Rule 64A, requests for rulings of law at the close of the evidence. The court made a general finding for Middlesex, and judgment was entered on November 3, 1998. Several months later, on February 22,1999, Boston Spine submitted a motion to file requests for rulings of law late, which was properly denied by the trial court.
Boston Spine’s appeal compels us to reiterate that most basic proposition that “appellate review in District Court nonjury civil proceedings is limited to issues of law properly raised in the trial court and preserved for appeal by the filing of *296 requests for rulings” of law. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172 and cases cited. In failing to file any requests for rulings at the close of the evidence at trial, Boston Spine forfeited any right to the appellate review it now seeks. Lindquist v. Garrett Auctioneers, Inc., 1999 Mass. App. Div. 107, 108; Law Off. of Barbara C. Johnson v. Donohoe, 1997 Mass. App. Div. 110, 111. In the absence of proper requests for rulings, the trial court properly entered only a general finding in this case. An appeal cannot be based on merely an objection to a general finding. The “correctness of a general finding, without more, does not constitute a question of law for appellate review.” Johanson v. Aldridge, 1999 Mass. App. Div. 182, 183 and cases cited.
Nor was there any error in the trial judge’s denial of Boston Spine’s motion to file requests for rulings some four months after judgment. Rule 64A(a) mandates that requests for rulings of law “shall be presented to the court before the beginning of any closing arguments....” See Tynan v. Nelson, 1996 Mass. App. Div. 60, 61; Bonasoro v. CMC Assoc., Inc., 1989 Mass. App. Div. 107, 108. Requests for rulings which are not timely filed need not be considered by the trial court, Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 232 n.3 (1984), and fail to preserve any issues of law for appeal.
Appeal dismissed.
So ordered.