The defendant, Richard Strahan, appeals from a decision and order of the Appellate Division of the District Court dismissing his civil motor vehicle infraction appeal. We affirm.
Background. On July 9, 2016, the Lincoln police department cited the defendant for traveling seventy-four miles per hour in a forty-five mile per hour speed zone, in violation of G. L. c. 90, § 17. The defendant filed an appeal from that civil motor vehicle infraction, which, after a hearing before a clerk-magistrate, resulted in a finding of responsible. After exercising his right under G. L. c. 90C, § 3(A)(4), to a de novo hearing before a justice of the District Court, the defendant was again found responsible. The defendant then appealed to the Appellate Division, which on March 2, 2017, issued (and sent to the defendant) a notice informing him that his appeal has been received and that his brief was due by March 16, 2017.
On March 15, 2017, the defendant filed a motion for enlargement of time to file his brief bearing the case caption "Lincoln Pig Department v. Richard Maximus Strahan and the People of Amerika."[2] The Appellate Division entered (and sent to the defendant) an order on March 22, 2017, in which it declined to act on the motion because it could not "take any action on a motion that does not properly state the parties that have an action before this [Appellate] Division." The Appellate Division ordered the defendant to file a revised motion "with a proper caption" on or before March 29, 2017, and warned that the failure to do so would result in the dismissal of the appeal. On April 25, 2017, after the defendant failed to file a revised motion or an appellate brief, the Appellate Division dismissed the appeal.
Discussion. All papers filed with the Appellate Division of the District Court are required to contain a caption bearing the name of the case to which the papers pertain. Rule 20(b) of the Dist./Mun. Cts. Rules for Appellate Division Appeal (1994). A court has the inherent authority to dismiss an action that is not prosecuted diligently. Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991) (Maciuca ). "A litigant's inability to adhere to procedural rules, moreover, frequently and without violation of due process rights results in the denial of motions and dismissals of appeals." Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 164 (2000).
Here, the Appellate Division did not err in declining to act on a motion that did not comply with Rule 20(b) of the Dist./Mun. Cts. Rules for Appellate Division Appeal. When, despite the Appellate Division's warning, see Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 924 (1995), the defendant failed to file a revised motion or his appellate brief within the time for filing, dismissal of the appeal was proper.
We additionally reject the defendant's claim under the petition clause of the First Amendment to the United States Constitution.[3] Here, a claim under that clause is analyzed in the same manner as other free speech claims. See Rotkiewicz v. Sadowsky, 431 Mass. 748, 752 n.4 (2000). "To address the exercise of First Amendment speech rights on government property, the United States Supreme Court has developed the public forum doctrine." Roman v. Trustees of Tufts College, 461 Mass. 707, 713 (2012) (Roman ). "[T]he extent to which the Government may limit access [to those seeking to exercise protected speech in a particular forum on government property] depends on whether the forum is public or nonpublic." Ibid., quoting from Cornelius v. NAACP Legal Defense & Educ. Fund, Inc., 473 U.S. 788, 797 (1985) (Cornelius ).
The courts exist to provide a locus in which disputes can be adjudicated; they do not customarily provide a forum for demonstrations and other speech related purposes. See United States v. Bader, 698 F.2d 553, 555-556 (1st Cir. 1983). As such, courts are considered nonpublic forums. See Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997) (court room is nonpublic forum for purpose of analyzing free speech clause of First Amendment). "In a nonpublic forum, restrictions need only be 'reasonable and ... not an effort to suppress expression merely because public officials oppose the speaker's view.' " Roman, supra at 714, quoting from Cornelius, supra at 800.
To the extent the defendant asserts that rule 20(b) infringed upon his right to free speech, any such infringement is permissible because the rule is reasonably necessary "to keep the judicial system in efficient operation." Maciuca, supra (quotation omitted). The defendant has not shown that the Appellate Division's action was done merely because public officials oppose his view. To the contrary, the appeal was dismissed because the defendant failed to file a motion that "properly state[d] the parties" or to otherwise prosecute the appeal.[4]
Decision and order of Appellate Division affirmed.

We note that the defendant has used "Lincoln Pig Department" in the caption on his brief and on other papers filed with this court, and that his brief includes reference to the "Lincoln Pig Department," the "Lincoln Town Pigs," and the "Police Oppressors of Lincoln MA." To the extent that his brief and those papers were accepted for filing in this court, they have no bearing on the merits of this appeal. See Mass.R.A.P. 20, as amended, 456 Mass. 1601 (2010).

Because it was not raised by the defendant, we decline to consider whether the free speech argument might be analyzed differently under the Massachusetts Declaration of Rights. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See also Walker v. Georgetown Hous. Authy., 424 Mass. 671, 675 (1997).

The other arguments in the defendant's brief "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).