The plaintiff, Krzysztof G. Sobczak, appeals from a judgment entered on February 5, 2018, dismissing his Wage Act and other related claims against the defendants with prejudice pursuant to Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974), for Sobczak's failure to comply with court orders to participate in arbitration. The plaintiff appeals but does not claim that the order to dismiss was an abuse of discretion or in error. We affirm.
1. Motion to dismiss. Pursuant to Mass. R. Civ. P. 41 (b) (2),[2] on motion of the defendant, a judge has discretion to dismiss an action for failure to comply with a court order. See Mmoe v. Commonwealth, 393 Mass. 617, 621 (1985) ; Friedman v. Globe Newspaper Co., 38 Mass. App. Ct. 923, 924 (1995). Here, the plaintiff was ordered on May 9, 2017, to arbitrate "(1) whether any portion of the Complaint in this case constitutes 'Confidential Information' as defined in the parties' April 25, 2016 Confidentiality Agreement, and, if so, (2) what remedy (if any) is appropriate." Sobczak did not comply with this order, and instead filed motions for reconsideration, which the judge denied. On October 16, 2017, the defendants filed a motion to compel Sobczak to participate in arbitration, and the judge entered an order on December 28, 2017, compelling Sobczak to participate in the arbitration process with a January 5, 2018, deadline for his compliance. On January 9, 2018, Sobczak had still not complied, and the defendants filed a motion to dismiss Sobczak's complaint pursuant to rule 41 (b) (2). On February 5, 2018, after noting that Sobczak had "flaunted two Court Orders," the judge allowed the motion to dismiss, and judgment entered dismissing Sobczak's complaint with prejudice pursuant to rule 41 (b).
In his brief on appeal, Sobczak makes no argument that addresses the propriety of the judge's decision to dismiss his complaint as a sanction for his refusal to comply with the court orders. His brief fails to address whatsoever whether the dismissal of his complaint was either an abuse of discretion or in error. His brief does not even mention rule 41 (b), which was the basis of the dismissal. Rather he claims, in effect, that he could not properly be ordered to arbitrate.[3] Sobczak's failure to address the rule 41 dismissal of his case waives his right of appellate review of that decision. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) (court "need not pass upon questions or issues not argued in the brief").
2. Attorney's fees. The defendants request appellate attorney's fees and costs claiming this appeal is frivolous. We agree. "The determination whether an appeal is frivolous is left to the sound discretion of the appellate court." Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 n.11 (1997). An appeal is frivolous if, under settled law, the appellant has "no reasonable expectation of a reversal." Avery v. Steele, 414 Mass. 450, 455 (1993), quoting Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984). Accordingly, as Sobczak did not make any claims that we could properly consider regarding the order of dismissal, the defendants are entitled to the attorney's fees and costs of this appeal. See Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). In accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the defendants' verified and itemized application for fees and costs may be filed within fourteen days of the date of the rescript. Sobczak will have fourteen days thereafter to file any opposition to the amounts requested.
Judgment affirmed.

Rule 41 (b) (2) of the Massachusetts Rules of Civil Procedure, 365 Mass. 804 (1974), provides, in pertinent part: "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court."

We need not consider the plaintiff's claim, raised for the first time in his reply brief, that he need not address nor comply with the court orders to arbitrate because the May 9 order was "facially invalid," citing as authority Oakham Sand & Gravel Corp. v. Oakham, 54 Mass. App. Ct. 80 (2002). "Issues raised for the first time in a reply brief are not properly before us." Henderson v. Commissioners of Barnstable County, 49 Mass. App. Ct. 455, 459 (2000). See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Kelley v. Rossi, 395 Mass. 659, 665 n.6 (1985). In any event, the order was not facially invalid.