LORETO A. CALIMLIM & another[1] vs. FOREIGN CAR
CENTER, INC.

Middlesex. February 9, 1984. — June 19, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Consumer Protection Act,* Availability of remedy, Damages, Offer of set-
tlement. *Sale,* Warranty. *Damages,* Consumer protection case. *Prac-
tice, Civil,* Requests for findings and rulings.

On appeal of an action arising from the sale of a used automobile, this court
declined to consider whether the plaintiffs had given the defendant timely
and adequate notice of the automobile's defects, where the defendant
had failed to present the issue during trial and had sought to raise it for
the first time by requests for findings of fact and rulings of law submitted
with a motion for a new trial. [234]
In an action arising from the sale of a motor vehicle, the defendant's response
to a demand for relief under G. L. c. 93A, § 9 (3), offering to forgo
collection of a check given by the plaintiffs to the defendant for certain
repairs to the automobile was not reasonable, where the defendant's
right to receive payment on the check was questionable and where the
amount of the check was substantially less than the plaintiff's damages.
[234]
In an action arising from the sale of a motor vehicle which had defective
brakes, a leak in the power steering, and need of a tune-up, the evidence
warranted the judge's findings that the sale was a deceptive act or
practice, that the defendant's conduct was wilful or knowing, and that
the defendant's offer of settlement was made in bad faith with knowledge
or reason to know the practice complained of violated G. L. c. 93A.
[235]
In an action arising from the sale of a used automobile, the plaintiffs were
not entitled to separate damages for breach of the implied warranty of
fitness, for breach of the implied warranty of merchantability, and for
violation of the Consumer Protection Act, where the same acts of the
defendant formed the basis of each claim. [235-236]

[1] Norma C. Calimlim.

CIVIL ACTION commenced in the Somerville Division of the District Court Department on December 4, 1979.

The case was heard by *Doyle, J.*, and a motion for a new trial was heard by him.

*George E. Richardson* for the defendant.

*Michael J. Conley* for the plaintiffs.

NOLAN, J. The defendant, Foreign Car Center, Inc., appeals from a decision of the Appellate Division of the District Court Department, Northern District. The Appellate Division found no error in the trial judge's determination that Foreign Car Center was liable in damages for breaches of warranties and for violation of G. L. c. 93A (Consumer Protection Act) in connection with the sale of a used automobile, and ordered the report dismissed.

The facts and proceedings below may be summarized as follows. Loreto and Norma Calimlim, husband and wife, desired to purchase an automobile for her use in commuting to her place of employment. Having seen Foreign Car Center's March 9, 1979, advertisement in the Boston Globe newspaper for a $2,000 Volkswagen, the plaintiffs went to Foreign Car Center in Peabody and deposited $50 toward the purchase of the Volkswagen. On March 16, a Foreign Car Center salesman told the couple that the Volkswagen was not as yet repaired, and showed them a 1976 Saab, instead. The salesman, as well as Foreign Car Center's president and treasurer, told the plaintiffs that the Saab was in good condition. Earlier, the president and treasurer personally examined the Saab to evaluate its condition. Foreign Car Center had purchased it for $2,950 from another dealer. The car's wholesale value was then approximately $4,250.

That same day, the plaintiffs signed a contract for the purchase of the Saab for $3,595, and issued a check to Foreign Car Center for $1,950 which, together with the $50 Volkswagen deposit, was to be applied toward the purchase price. The motor vehicle purchase contract contained language that the vehicle was "warranted to be safe and merchantable and to pass the Massachusetts [vehicle] safety inspection program at the time of delivery" to the buyer. Moreover, it recited the fol-

lowing language, which is required by 940 Code Mass. Regs. 5.04 (2) (g) (1978): "Attention purchaser. All vehicles are warranted as a matter of state law. They must be fit to be driven safely on the roads and must remain in good running condition for a reasonable period of time. If you have significant problems with this vehicle or if it will not pass inspection, you should notify the dealer immediately. He may be required to fix the car or refund your money. This warranty is in addition to any other warranty given by the dealer."[2] Further language in the contract indicated the purchaser's assent to permit a shop designated by the seller to perform repair work, free of charge to the purchaser, to enable the vehicle to pass inspection should it fail to do so within eight days of delivery. The seller agreed to pay all costs and attorneys' fees incurred by the buyer in connection with the buyer's enforcement of contract rights. The contract also provided for cancellation by the purchaser and refund at any time until the purchaser received a copy of the contract signed by an authorized dealer's representative. Finally, the contract states that it was entered into in accordance with the Attorney General's regulations concerning G. L. c. 93A.

Three days after signing the contract, the plaintiffs returned to Foreign Car Center, seeking to rescind the agreement. Foreign Car Center's president and treasurer refused to refund their $2,000, and insisted upon seeing a letter from the credit union which the plaintiffs said had rejected their application for financing. Later that day, the plaintiffs returned to Foreign

---

[2] The copy of the contract which appears in the record is not in color. However, it is sufficient to show that the typeface of the mandatory warranty language was not any different from that of the other contract provisions. The regulation governing insertion of such language mandates that it appear in a "clear and conspicuous manner." 940 Code Mass. Regs. 504 (2) (g). "Clear and conspicuous disclosure" is defined as that "of such size or color contrast and so placed as to be readily noticeable to purchasers or prospective purchasers . . . . A term is conspicuous when it is so written that a person against whom it is to operate ought to have noticed it. Language in a form is 'conspicuous' if it is in larger or contrasting type or color." 940 Code Mass. Regs. 3.01 (8). Although hampered by the limitations of reproduction, we note in passing that the contract signed by the plaintiffs does not appear to meet this standard.

Car Center, gave Foreign Car Center a check for $1,595, representing the balance of the purchase price, and took ownership of the Saab.

Driving the car home, the plaintiffs were not happy with the Saab's performance. Three days later, they took the car to another dealer. The second dealer found the Saab's brakes to be defective and in great need of repair. The car needed a tune-up and its power steering mechanism leaked. The plaintiffs authorized the second dealer to repair the brakes and perform the tune-up.

Within the next month, when they returned to have the power steering repaired at Foreign Car Center, the plaintiffs presented Foreign Car Center a receipted bill for $735, representing the cost of the brake repairs and tune-up performed by the second dealer. This was the first occasion on which notice of any defects was given to Foreign Car Center. Foreign Car Center's president and treasurer denied responsibility for the brake and tune-up bill, but agreed to repair the power steering, provided that the plaintiffs paid half the cost.

Work on the power steering was completed one month later, largely owing to the plaintiffs' initiative in locating parts from another dealer. Foreign Car Center had asserted that the parts could be obtained only in Europe. The plaintiffs then regained possession of the Saab, which had been in Foreign Car Center's possession during the entire quest for parts. The plaintiffs stopped payment on the check for $184.98 which they had given to Foreign Car Center to cover half the cost of the power steering repairs.

Repair work which cost $2,500 was performed within the next three months. The plaintiffs made no further contact with Foreign Car Center until they sent their c. 93A demand letter in October, 1979. In response, as settlement, Foreign Car Center offered not to collect the amount it asserted the plaintiffs owed for steering repairs, payment for which, as noted above, the plaintiffs had tendered by a check on which they later stopped payment.

Subsequently, a complaint was filed in which the plaintiffs relied on theories of breaches of express and implied warranties,

and of violations of G. L. c. 93A, including Foreign Car Center's alleged bad faith refusal to accede to their demand for relief. At trial, Foreign Car Center requested certain findings of fact and rulings of law, which the judge denied. The judge correctly noted that he was under no obligation to make findings and rulings. Dist. Mun. Cts. R. Civ. P. 52 (a) (1975). However, the judge did make findings of fact consistent with the synopsis above, including a finding that the Saab's faulty brakes rendered the car "very dangerous" at the time the plaintiffs went to the second car dealer. He found that Foreign Car Center knew the Saab was not in good condition when it was sold to the plaintiffs. The bill for $735, to repair the brakes and to tune up the Saab, was found to be reasonable. The judge concluded that Foreign Car Center committed an unfair or deceptive act or practice by selling the Saab with defective brakes, with leaky power steering, and with need of a tune-up.

Further, the judge found that the sale by Foreign Car Center was a wilfully or knowingly unfair or deceptive act, and that Foreign Car Center's refusal to offer reasonable relief on demand was in bad faith with knowledge or reason to know the act complained of violated G. L. c. 93A. He found Foreign Car Center to have violated its warranty of fitness and its implied warranty of merchantability. He found for the plaintiffs on all three counts of their complaint, in the amount of $735 for breach of the warranty of fitness; $735 for breach of the implied warranty of merchantability; $2,205 for violation of G. L. c. 93A, and attorneys' fees and costs in the amount of $1,750.

Foreign Car Center moved for a new trial on the grounds that the judge's findings were against the weight of the evidence and that the damages were excessive. Along with its motion for a new trial, Foreign Car Center submitted additional requests for findings of fact and rulings of law.[3] Within the text

---

[3] The submission of requests for findings of fact and rulings of law on motion for a new trial is most unusual. Although parties in District Court proceedings are not entitled as of right to findings and rulings, Dist. Mun. Cts. R. Civ. P. 52 (a), any party requesting such rulings must do so in a timely manner, generally before the commencement of closing

of the new requested findings are references to a theory of defense theretofore not mentioned by Foreign Car Center: that the plaintiffs, having failed to give the defendant timely and adequate notice of the Saab's defects, caused prejudice to Foreign Car Center by denying it an opportunity to comply with the terms of its warranty. The judge denied the motion for a new trial, and judgment entered in accordance with his findings.

The Appellate Division found no error in the denial of certain of Foreign Car Center's initial requested findings, there being sufficient evidence to support a finding for the plaintiffs on the issues of the merchantability and fitness of the Saab.[4] Further, the Appellate Division affirmed the trial judge's conclusion that Foreign Car Center's offer of settlement was not reasonable in relation to the injury suffered, inasmuch as the tender was forgiveness of a doubtful debt in an amount far less than the plaintiffs' reasonable expenditures in repairing the car. Additionally, the Appellate Division found no abuse of discretion in denying Foreign Car Center's motion for a new trial. Neither did it consider the damages awarded to be excessive. Finally, the Appellate Division perceived that Foreign Car Center's second request for findings of fact and rulings of law framed issues of law which were inappropriate on a motion for new trial, because they might have been, but were not, raised during trial.

On appeal, Foreign Car Center argues that the plaintiffs are foreclosed from recovery on any theory because of their failure to give Foreign Car Center timely notice concerning their dif-

argument, unless leave of court is obtained for a later filing. Untimely filings need not be considered by the court. See J.R. Nolan, Civil Practice § 732 (1975). We note that trial counsel is not counsel on this appeal.

[4] The averments in the plaintiffs' amended complaint allege facts which would tend to indicate a breach of an express warranty and that of fitness for ordinary purposes in count 1; of merchantability in count 2; and of violations of G. L. c. 93A in count 3. Although counts 2 and 3 present with clarity the distinguishable theories upon which they rest, we note that count 1 would be of greater intelligibility if cast in two separate counts. Mass. R. Civ. P. 8 (e) (2), 365 Mass. 749 (1974), and Mass. R. Civ. P. 10 (b), 365 Mass. 752 (1974).

ficulties with the Saab; that the plaintiffs' damage, if any, was not caused by Foreign Car Center's breach of warranty; that Foreign Car Center's offer of settlement of the plaintiffs' G. L. c. 93A claim was reasonable; and that the damages awarded were excessive. The plaintiffs contend that the notice issue was not raised at trial; that the facts tended to show that Foreign Car Center violated G. L. c. 93A, independently of the warranty claims; and that the damages awarded were not excessive.

1. *The notice issue.* We shall dispose of this argument summarily, as the record is devoid of any suggestion that it was properly raised at trial, and there are no circumstances which would indicate it could not have been presented there. The untimely posttrial requests for findings and rulings are inadequate to the task of preserving Foreign Car Center's rights, as discussed in note 3, *supra.* Whether the notice issue is properly a question of law or of fact, or of a mixed nature, it is not open for appellate review in the absence of a timely presentation of the issue to the trial judge.

2. *Adequacy of Foreign Car Center's offer of settlement.* The standard for examination of the adequacy of a response to a demand for relief under G. L. c. 93A, § 9(3), is whether, in the circumstances, and in light of the complainant's demands, the offer is reasonable. *Kohl* v. *Silver Lake Motors, Inc.,* 369 Mass. 795 (1976). The plaintiffs' demand letter alleges numerous potential violations of the Consumer Protection Act, and provides a precise explication of the relief requested. The plaintiffs demanded return of the purchase price and payment of the cost of repairs, totaling more than $7,000, or "a reasonable offer in settlement." Foreign Car Center flatly denied "the validity of all the pertinent allegations" in the plaintiffs' letter. Foreign Car Center then tendered, as settlement, a promise to forgo collection of the check for $184.98 (for repairs to the power steering system), on which the plaintiffs' had ordered that payment be stopped. Thus, Foreign Car Center's "offer" was that of abandoning a questionable right, the value of which, if valid, represented substantially less than the plaintiffs' damages as found by the judge. The gross inadequacy of this "offer" makes it patently unreasonable. Rather than promote settlement, such a rejoinder represents a summons to litigate.

3. *Violation of G. L. c. 93A as an independent cause of action and damages recoverable.* The trial judge awarded separate damages for breach of the implied warranty of fitness, for breach of the implied warranty of merchantability, and for violation of G. L. c. 93A. This was error and the judgment must be modified. In his findings, the trial judge stated that Foreign Car Center's sale of the Saab to the plaintiffs when it had defective brakes, a leak in the power steering, and needed a tune-up was an unfair or deceptive act or practice. He also stated that Foreign Car Center's conduct was wilful or knowing and that Foreign Car Center's refusal to settle was in bad faith with knowledge or reason to know the practice complained of violated G. L. c. 93A. This much is amply supported by the record, and the portion of the judgment awarding the plaintiffs multiple damages, attorneys' fees and costs must stand.

The judge further found that Foreign Car Center was liable for breaches of its warranties of merchantability and fitness, and entered judgment in the same amount on each theory. The judge did not point to any facts distinguishing these wrongs (warranty violations) from those complained of under the Consumer Protection Act. Consequently, they represent improperly cumulative awards. Our conclusion is supported by reference to the Attorney General's Consumer Protection Division Regulations, 940 Code Mass. Regs. 3.16 (3) (1978), which state that an act or practice violates G. L. c. 93A if, among other things, it fails to comply with existing statutes. The defendant's violations of the warranties of merchantability and fitness were contrary to G. L. c. 106, § 2-314 and § 2-315, respectively, and thus, violative of G. L. c. 93A.

Where injury is incurred because of conduct which comprises the elements of any common law, statutory, or regulatory cause of action, and which is also a violation of the Consumer Protection Act, recovery of cumulative damages under multiple counts may not be allowed. In appropriate cases, preference should be given to entry of judgment under the Consumer Protection Act, especially where the Attorney General's regulations provide that certain conduct, e.g., breach of warranty, is violative of G. L. c. 93A. See, e.g., 940 Code Mass. Regs.

3.08 (2) (1978). However, where the acts complained of under common law, statute, or regulation are factually separable and distinguishable from those claimed to be unfair and deceptive, or where those acts have not been found to be violative of the Consumer Protection Act, there is no error in permitting separate recoveries for separable injuries.

Permitting awards under several counts where claims and injuries are factually distinguishable, but disallowing such recovery where they are not, will serve to avoid over or under compensation. It is also congruous with the policy previously stated by this court and approved by the Attorney General's Consumer Protection Regulations that recovery under the Consumer Protection Act should be "in addition to, and not an alternative to, traditional tort and contract remedies." *Linthicum* v. *Archambault,* 379 Mass. 381, 383 (1979). See also 940 Code Mass. Regs. 3.08 (2) (1978). In many instances, conduct not constituting common law fraud or deceit may still be "unfair and deceptive." It is only where the same acts cause the same injury under more than one theory that duplicative damage recoveries will not be permitted.

As recovery under G. L. c. 93A has already been allowed for the knowing sale of the defective automobile, separate recovery for breaches of warranty cannot be permitted in the absence of findings indicating that different facts warrant that recovery. This conclusion is compelled by our cases.[5]

This matter is remanded to the District Court for entry of judgment as modified.

*So ordered.*

---

[5] See, e.g., *DiMarzo* v. *American Mut. Life Ins. Co.,* 389 Mass. 85, 101 (1983); *Burnham* v. *Mark IV Homes, Inc.,* 387 Mass. 575, 588 (1982); *McGrath* v. *Mishara,* 386 Mass. 74, 84 (1982).