Furnari, J.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8C appeal by the defendant which charges error in the trial court’s 1991 judgment for the plaintiffs on their contract claim against the defendant; in 1991 post-hearing decisions by the trial judge; and in various 1994 rulings on motions by a second judge, who permitted a resumption of proceedings in the case following a three year stay engendered by the defendant’s November 26,1991 filing of a Suggestion of Bankruptcy.
1. The defendant has failed to sustain his burden on this appeal of establishing almost all of the errors he now alleges. The limited, deficient record presented to this Division in the form of the appendix prepared by the defendant excludes most of the trial court documents necessary for effective appellate review. The two and one-half pages of “argument” in the defendant’s brief consists entirely of bald, con-clusory assertions of trial court error devoid of either legal analysis or citation of supporting authority. Dist./Mun. Cts. R Civ. P., Rule 16(a) (4); Struett v. Arlington *61 Trust Co., 23 Mass. App. Ct. 152, 156 (1986). Under such circumstances, no extensive analysis of the multiple issues raised by the defendant is warranted. Soscia v. Soscia, 310 Mass. 418, 420 (1941).
2. The defendant long ago forfeited any right to appellate review of the vast majority of issues raised in his notice of appeal. First, in apparent, but patently inadequate, support of his contention that the trial judge erred in 1991 in finding that the defendant had breached the parties’ contract, the defendant’s brief merely lists, by transcript page and line number, single lines of the testimony of various trial witnesses which was presumably favorable to the defendant. The defendant effectively waived, however, any consideration of the sufficiency of the evidence adduced at trial by failing to file proper requests for rulings of law that the evidence warranted or required a finding in the defendant’s favor. Massachusetts Gen. Hosp. v. Quincy, 348 Mass. 791 (1965); Baker v. Davis, 299 Mass. 345, 348 (1938); Chester v. Medford, 1994 Mass. App. Div. 69. Defendant’s counsel’s ineffective effort to file requests for rulings after the conclusion of his own final argument and the beginning of the plaintiff’s closing statement came too late. A trial judge is required to accept only those requests which are timely filed at the close of the evidence before final arguments. The trial court was thus entitled to refuse the defendant’s untimely offer to file requests. Calimlim v. Foreign Car Center, Inc., 392 Mass. 228, 232 n.3 (1984). In the absence of requests for rulings properly filed, the defendant’s present objection to the trial court’s'general finding for the plaintiffs presents no question of law for appellate consideration. Spencer v. Robert Lawrence, Inc., 347 Mass. 765 (1964); Muir Bros. Co. v. Sawyer Constr. Co., 328 Mass. 413, 414-415 (1952); Looby v. Looby, 303 Mass. 391, 392 (1939).
Judgment was entered against the plaintiff on October 3,1991. The defendant’s bald, unsubstantiated assertion, that such judgment on the principal claim in this matter was ineffective because the plaintiff waited until after the entry thereof to charge the trustee, is devoid of merit. See Arthur D. Little, Inc. v. East Camb. Sav. Bank, 35 Mass. App. Ct. 734, 738 (1994).
The defendant did not file an appeal from the trial court’s judgment, a timely post-judgment motion for relief or any other matter which would have been properly addressed only to the trial judge or would have required his specific action. There is thus no merit to the defendant’s assertion that the second judge erred by taking action in 1994 in the absence of a Dist./Mun. Cts. R. Civ. E, Rule 63 assignment of a particular judge to “perform the duties” of the trial judge who had retired during the pendency of the defendant’s bankruptcy proceedings.
It is obvious that all matters pending at the time the defendant filed his suggestion of bankruptcy and which remained for disposition upon a resumption of proceedings could have been properly adjudicated by any judge sitting in the Woburn Division. The defendant’s motion for a new trial, for example, had been filed on October 21, 1991, eighteen days after judgment. Rule 59(b) requires that a new trial motion be served within ten days of the entry of judgment and filed within a reasonable time thereafter. Russell v. Pride Convenience, Inc., 37 Mass. App. Ct. 502, 506 (1994). The defendant’s motion was thus untimely, and was properly denied by the second judge in 1994. Because the time for filing a new trial motion cannot be extended by the court, Dist./Mun. Cts. R. Civ. R, Rule 6(b), any judge acting on the defendant’s motion would have been required to deny it as a matter of law. No appointment of a particular judge to take this required action was necessary.
3. The plaintiffs’ statement of damages which accompanied their original complaint sought recovery in the amount of $35,000.00. By failing to remove this action within twenty-five days of service of the complaint, the defendant forfeited his right to a superior court jury trial. G.L.c. 231, §104. However, the plaintiffs filed a motion at the beginning of trial to amend both counts I and II of their complaint, which motion was allowed by the court. As amended, the complaint alleged that as *62 a result of the defendant’s fraud and breach of contract in failing to install water pipes, the plaintiffs were obliged to expend money to dig and construct a well on their property “all at their expense in the amount of Seventeen Thousand Three Hundred Fifty ($17,350.00) Dollars.” The plaintiffs’ amendment of their complaint thus reduced their request for a monetary recovery below the G.L.C. 231, §104 amount for removal in the first instance, and effectively revived the defendant’s right to request a removal of the case to the superior court after trial. See Kolakowski v. Finney, 393 Mass. 336, 340 (1984).
Within eight days of the entry of judgment, the defendant filed a jury claim, “Notice of Appeal to Superior Court” and payment of the G.L.c. 231, §104 entry fee and bond. An “appeal” to the superior court pursuant to G.L.c. 231, §97 does not lie in an action subject to statutory removal. Godfrey v. Chief of Police of Wellesley, 35 Mass. App. Ct. 42, 45 (1993). However, it is clear that the defendant sought a removal of the case to the superior court for jury trial despite the mistaken caption on the document filed. The defendant specifically claimed a jury trial and paid an entry fee which is required for a §104 removal, but not for a §97 appeal. H.N. Gorin & Leeder Mgm. Co. v. Rent Control Board of Cambridge, 18 Mass. App. Ct. 272, 274 (1984). The defendant’s right to a jury trial should not be denied by an elevation of form over substance. Bengar v. Clark Equip. Co., 24 Mass. App. Ct. 41, 45 (1987), on the basis of the mistaken caption utilized by his counsel.
4. Accordingly, the motion judge’s denial of the defendant’s jury claim and his order striking the defendant’s “Notice of Appeal” are hereby vacated, and this action is returned to the Woburn Division for procedures necessary for the immediate removal of this case to the superior court.
In view of the wholly inadequate presentation of this appeal by defendant’s counsel, including the inexplicable omission from the appendix of the plaintiffs’ motion to amend their complaint and the defendant’s jury claim and “Notice of Appeal,” and the utter absence of any legal analysis or single citation of authority in support of the defendant’s removal rights, no award of costs to the defendant as the prevailing party would be appropriate. It is hereby ordered that no costs may be assessed by the trial court clerk against the plaintiff-appellees pursuant to Dist./Mun. Cts. RAD.A, Rule 26.
So ordered.