Welsh, J.
In this civil action, Catherine Cote (“tenant”) seeks damages and other relief pursuant to G.L.c. 186, §15B for the alleged mishandling and wrongful retention of two security deposits given to the defendants, Todd and Shari Sylvia (“landlord”), in connection with two successive residential rentals in Acushnet and Fairhaven. It is alleged that the landlord violated several security deposit requirements imposed by G.L.c. 186, §15B, including the landlord’s failure to place the deposits in a separate interest-bearing account in a Massachusetts bank, §15B (3) (a), to inform the tenant in writing of the location of the bank and the account number, Id:, either to pay interest on the account to the tenant annually, or to give the tenant the option of an interest credit against rent accruing, §15B(2)(a); to return the deposits to the tenant within 30 days of the termination of occupancy, §15B(4); and to provide the tenant with a written statement of particulars itemizing damages to *28 the rental unit to which the deposits are to be applied. §15B (4) (iii).
The action was tried without a jury, resulting in a judgment that the action be dismissed. Following trial, the judge allowed the tenant’s motion for leave to file requests for rulings late.[2] In response to the tenant’s requests for rulings of law, the judge issued a memorandum of decision that included findings of fact as well as a disposition of the requests.
In June, 2002, the parties entered into a lease of premises at 29 Slocum Street in Acushnet. The lease called for an $800.00 security deposit. With the consent of the parties, the deposit was paid as follows: $400.00 on June 20,2002, $200.00 on August 1, 2002, and the balance of $200.00 deemed to be paid by the tenant’s payment of plumbing repairs to the premises.
The fact that the landlord did not place the deposit in a separate interest-bearing account is beyond cavil. Nor is there any dispute that the landlord failed to provide the tenant with a receipt disclosing the identity and location of the account. It is clear that the landlord failed to return the deposit within 30 days after the termination of occupancy. Nor was there a written statement documenting with particularity the basis for withholding the deposit.
All of the foregoing failures by the landlord constitute violations of the clear requirements of the Security Deposit Law, G.L.c. 186, §15B. The statute mandates that “ [a] ny security deposit received by [a] lessor shall be held in a separate, interest-bearing account in a bank, located within the commonwealth under such terms as will place such deposit beyond the claims of creditors of the lessor.” G.Lc. 186, §15B(3)(a). That language reflects the legislative intent embodied in G.Lc. 186, §15B(1) (e), which proclaims: “A security deposit shall continue to be the property of the tenant making such deposit....” The law is unequivocal. Neither ignorance, nor the absence of bad faith, on the part of the landlord is justification for noncompliance. Mellor v. Berman, 390 Mass. 275, 279 (1983). It falls to the landlord to demonstrate strict compliance with statutory terms. See Taylor v. Burke, 69 Mass. App. Ct. 77, 83-84 (2007). The overarching objective is the protection of the tenant, who rarely has real bargaining power with the landlord.[3] The landlord holds the deposit in trust for the tenant and is strictly accountable for both its safekeeping and its prompt return to the tenant within 30 days from the day the tenant vacates the premises. See Hampshire Vill. Assocs. v. District Court of Hampshire, 381 Mass. 148, 152 (1980).
The circumstances attending the second security deposit, however, place that portion of this case upon a different footing. While the missteps and mishandling of the $800.00 deposit are basically the same as those involved with the first deposit, there is a significant difference. Approximately two weeks following the tenant’s assertion of her claim for the second deposit, the landlord tendered a check to the tenant in the amount of $806.00, the total of the deposit plus interest.
*29 Determining a landlord’s liability under G.L.c. 186, §15B is essentially a two-step process. As stated, there is no doubt that the landlord violated the statute. The second step in the process is to determine whether there has been a failure, or refusal, to return the deposit on demand. The landlord promptly returned the deposit in this case upon the tenant’s demand for its return. See Castenholz v. Caira, 21 Mass. App. Ct. 758, 760 (1986). The commencement of an action may properly be deemed a demand. Farmers Nat'l Bank v. Venner of Annapolis, 192 Mass. 531, 535 (1906). The landlord’s noncompliance with the statute resulted in the forfeiture of his right to retain the deposit and imposed upon him the duty to return the deposit on demand. “Where the landlord discovers or acknowledges his error and returns the deposit, and the tenant is not forced to resort to litigation to vindicate his rights, the multiple damages and attorney’s fees provisions of subsection (7) have no application.” Castenholz, supra at 763. We conclude that the dismissal of that portion of the action relating to the second security deposit was appropriate.[4]
The judgment of dismissal for the defendants is vacated. The case is returned to the New Bedford Division of the District Court Department for the entry of judgment for the plaintiff in the amount of $1,800.00,[5] plus both interest on that amount and a reasonable attorney’s fee to be assessed by the trial judge, and costs. On that portion of the plaintiff’s case seeking damages and other relief relating to the second security deposit, the judgment shall reflect that the plaintiff is to take nothing.
So ordered.

 Rule 64A(a) of the Mass. R. Civ. P. requires that such requests be in writing and be submitted to the judge prior to the commencement of closing arguments unless special leave to file late is granted.

 Moreover, the legal expense of pursuing a security deposit would typically exceed the amount of the deposit to be recovered. Goes v. Feldman, 8 Mass. App. Ct. 84, 91 (1979).

 We reach this conclusion on grounds other than those upon which the trial judge based his decision. His reliance on the notion of waiver is questionable in the light of the stated policy against waiver embodied in the statute. G.L.c. 186, §15B (8). The law prevents a landlord from obtaining, or attempting to obtain, the tenant’s waiver of rights under the security deposit statute. G.L.c. 186, §15B (6) (c).

 Although the agreed security deposit was $800.00, only $600.00 was actually paid by the plaintiff and held by the defendant as a deposit.