Swan, J.
On November 25, 2005, the plaintiff, Karl Ebner (“Ebner”), served on Lisa McMahon (“McMahon”) a notice to quit an apartment she rented as a tenant at will in a building owned by Ebner in Waltham. Ebner thereafter commenced a summary process action, and McMahon responded with an answer and counterclaim, alleging that Ebner had breached the implied warranty of habitability in various ways, and interfered with her quiet enjoyment by entering her apartment without notice. At the ensuing bench trial, McMahon presented evidence that, because of a leak in the boiler, she experienced inadequate heat, and that Ebner had on occasion entered her apartment without permission. McMahon filed requests for findings of fact and rulings of law. The court found for Ebner on both his claim and McMahon’s counterclaim, ordered judgment for possession, denied McMahon’s request for findings of fact, and further denied her request for rulings of law because the presentation of that request was untimely. Postjudgment, McMahon moved for amended and additional findings of fact and rulings of law, requesting that the court act on her previously filed requests. The court denied the motion after a hearing. McMahon appealed on the grounds that the judge failed to make rulings of law and findings of fact despite having accepted her requests, and that she was entitled to possession as a matter of law for breach of the warranty of habitability.[1]
*254 At the outset, at the time of the trial, the judge was not obliged to act on a request for findings of fact, and that his declination to do so was not error.[2] M.G. PERLIN & J.M. CONNORS, CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT §12.6, at 366 (3d ed. 2003). We turn, then, to the denial of McMahon’s request for rulings of law, which contained proposed rulings that the evidence warranted a number of findings for her. At the time of trial, the parties were required to comply with Rule 64A of the Massachusetts Rules of Civil Procedure, which stated: “In District Court proceedings, requests for rulings of law shall be in writing and shall be presented to the court before the beginning of any closing arguments unless special leave is given to present requests later.”[3] The filing of such rulings was the “prescribed method of raising and preserving questions of law.” Keystone Montessori Sch., Inc. v. Maloney, 2008 Mass. App. Div. 175, 177. The untimely offer of requests for rulings entitled the judge to refuse them. Calimlim v. Foreign Car Ctr., Inc., 392 Mass. 228, 232 n.3 (1984). The result was that no issues of law were preserved for appeal.
In this case, counsel for Ebner, as the defendant-in-counterclaim, gave his closing argument first. Thereafter, McMahon’s counsel presented her request for rulings of law to the court and gave her closing. Because she did not present the request before Ebner’s closing, the judge later denied the request as untimely. He reiterated this position at the postjudgment hearing on McMahon’s motion for additional rulings. Ebner argues that the judge ruled correctly, citing Tynan v. Nelson, 1996 Mass. App. Div. 60, which holds that a “trial judge is required to accept only those requests which are timely filed at the close of the evidence before final arguments.” Id. at 61. McMahon relies on the preceding sentence in the same case — “Defendant’s counsel’s ineffective effort to file requests for rulings after the conclusion of his own final argument and the beginning of the plaintiff’s closing statement came too late” — as implying that so long as a party offers the request prior to her own closing, that offer is timely. Id. We disagree. Rule 64A is clear: the request for rulings “shall be presented to the court before the beginning of any closing arguments” (emphasis added). To present the request before one’s own closing but after her opponent’s is likewise to *255 present it too late. That happened here. McMahon’s presentation of her request was thus untimely.
Our inquiry does not end there, however. Rule 64A, as noted, allows for “special leave [to be] given to present requests later.” After Ebner’s counsel completed his closing, and the court invited McMahon’s to begin hers, the following colloquy occurred:
MS. GALBRAITH [McMahon’s counsel]: Yes, Your Honor. First, I’d like to submit our request for findings of fact.
THE COURT: Okay, can I see [...] please? Thank you.
MS. GALBRAITH: Your Honor, before I make my closing argument, I would also like to ask the court for permission to submit the trial brief within one week [sic] time.
THE COURT: No objection, Mr. LeClair?
MR. LECLAIR [Ebner’s counsel]: No objection.
THE COURT: So you can do that, counsel.
MS. GALBRAITH: Thank you, Your Honor.
MR. LECLAIR: Your Honor, I’d just like to be given a week to file a response. I will be away.
THE COURT: Okay, that’s fine.
Filing deadlines for briefs were then set, and McMahon’s counsel gave her closing argument.
The document that she gave to the court that she referred to as “findings of fact” contained, as reflected in the record appendix, requests for both enumerated findings of fact (which, we have stated, the judge was not required to act upon) and rulings of law. Certainly, it would have been helpful to the judge had she specified that the document contained, beginning on its third page, a request for rulings of law. Nevertheless, her merely calling the document “findings of fact” does not, in our view, preclude its presentation from being one of a request for rulings of law as well. Counsel, then, having offered her request for rulings, it is not exactly clear what the judge’s oral response to the offer was, since the transcript designates an inaudible portion with a bracketed ellipsis. It is clear that he did not refuse to take the offered request, and showed no inclination to deny the request for untimeliness.[4]
But untimely the request was, and the judge was not required to act on it unless he gave “special leave ... to present requests later.” While “special leave” is not defined in Rule 64A, in practice, it is apparently “granted” only upon a “motion for *256 leave to file requests for rulings late.” Cote v. Sylvia, 2008 Mass. App. Div. 27, 28. See also MacLeod v. Commonwealth Capital Funding Corp., 2000 Mass. App. Div. 239. It requires at least some affirmative ruling by the court. See Dodge v. Sawyer, 288 Mass. 402, 406-407 (1934) (assumed, without deciding, that the court’s allowance of an exception to the denial of a request, post-jury instructions, for an additional instruction constituted “special leave” to present the request late). It is generally not granted by implication. See Keohane, petitioner, 179 Mass. 69, 73 (1901). By contrast, both counsel did ask for, and did receive, permission to file briefs at a later time.[5] No like request was made for permission to file the request for rulings late, and none was granted. Accordingly, McMahon did not receive “special leave ... to present requests later.”
At the postjudgment hearing on her motion for additional findings and rulings, McMahon asked the court to rule on the previously filed request. In essence, this was a motion for special leave nunc pro tunc. The judge denied the motion, stating that the trial involved nothing “other than a credibility matter.” Certainly, no one was in a better position to make that observation than he was. The denial rested within the court’s sound discretion, of which we find no abuse. Finkelman v. Kaufman, 337 Mass. 770 (1958); MacLeod, supra. McMahon’s failure to file her request for rulings of law before any closing arguments without special leave to file later “has fatal appellate consequences.” Nixon v. Jessamy, 1993 Mass. App. Div. 212. No questions of law have been preserved for review.
The judgment is affirmed.
Appeal dismissed.
So ordered.

 Relying on the computer-generated docket sheet, Ebner requests dismissal of the appeal because McMahon failed to file a timely notice of appeal and a timely “Appeal on the Record of Proceedings” as required by Rules 3 (a) and 8C (b), respectively, of the Dist./Mun. Cts. R. A D. A. The filing deadline for the notice of appeal was July 30, 2006 (a Sunday, thus extending the deadline to July 31), and the deadline for the “Appeal on the Record of Proceedings” was thirty days after filing the notice of appeal; the docket sheet shows filing dates of August 1, 2006, and May 9, 2008, respectively. McMahon has produced copies of date-stamped documents satisfying us that, contrary to the docket, the notice of appeal was in fact filed in a timely manner, to wit, on July 28,2006, as was the “Appeal on the Record of Proceedings” on August 24,2006. The latter filing was not noted on the docket through an apparent clerical error, which here we resolve in McMahon’s favor. See Samuels v. SUFA Corp., 38 Mass. App. Ct. 922 (1995) (document is deemed to have been filed when *254 presented to the court clerk “even if it was not entered on the docket”); Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 572 (1993). Ebner also objects to the inclusion in McMahon’s record appendix of a statement of evidence, namely a reconstructed transcript of the first day of the two-day trial that was not prepared in compliance with Rule 8C(e). At oral argument, McMahon’s counsel agreed to strike the reconstructed transcript, and we have accordingly disregarded it. Finally, in light of our decision on the request for rulings, we do not reach the substantive merits of McMahon’s appeal.

 Effective March 1,2008, a judge is now required to issue written findings of fact if proposed findings are submitted “before the beginning of any closing arguments.” Mass. R. Civ. R, Rule 52(c).

 Rule 64A has since been repealed, effective March 1,2008, but the timing requirement for the presentation of proposed rulings remains unchanged, and the “special leave” exception appears no longer to be available. See Mass. R. Civ. E, Rule 52(c).

 It is, of course, remotely possible that during that apparently fleeting interlude of inaudibility (“[...]”), the judge advised counsel of her timing error and that while he would take the request for rulings, he was not required to rule. Given the absence of both any further exchange on the issue following the courfs response and, at the postjudgment hearing, any suggestion by Ebner’s counsel that such advice was given, we decline to entertain the likelihood of this possibility. Nor is the giving of such advice reflected in the corresponding entry (no. 31) on the docket sheet, notwithstanding its occasional inaccuracies, described in note 1, supra; it simply states, “Deft’s requests for Findings of Fact and Conclusions of Law filed after Pltf/Deft in CC completed his closing argument Rule 64A(g) [sic], Mass. R. Civ. P.”

 Again, as reflected on the docket sheet (entry no. 33).