Kaplan, Mitchell H., J.
This action arises out of a dispute concerning the meaning of the word “physician” as it appears in G.L.c. 90, §34M. §34M sets out the procedures by which injured persons can apply for personal injury protection (PIP) benefits from their insurers and insurers can determine the amount due an insured’s health care provider or dispute the obligation to pay. The case is before the Court on the defendant Mass Medical Services, Inc.’s (Mass Medical) motion to dismiss for failure to state a claim upon which relief may be granted. Mass.R.Civ.P. 12(b)(6). For the reasons that follow, the motion will be ALLOWED.
BACKGROUND
The complaint alleges the following facts which are taken as true for the purposes of this motion. On April 30, 2009, Judith Ortiz was injured in an automobile accident. The vehicle was insured by Commerce Insurance Company (Commerce), and Ortiz submitted a claim to Commerce for PIP benefits. Commerce requested that Ortiz have an independent medical examination (IME) and then notified her that it had scheduled her for a “Medical Evaluation” with a “Physician,” Eugene R. Boeglin, Jr., for August 6, 2009 at Mass Medical. Boeglin reviewed Ortiz’s medical records and conducted a physical examination of her on that date. On August 7, 2009, he sent his report and *336 recommendations to Commerce. By letter dated August 13, 2009, Commerce sent a letter to Ortiz’s attorney[2] enclosing Boeglin’s IME report. The Commerce letter identified Boeglin as “Eugene R. Boeglin, Jr., D.P.T., O.C.S.” The letterhead of the enclosed IME report reads:
Eugene R. Boeglin, Jr., D.P.T., O.C.S.

Doctor of Physical Therapy

Board Certified Orthopaedic Specialist

In the final paragraph of the report, Boeglin certifies that he is “licensed to practice physical therapy in the Commonwealth of Massachusetts”; under his signature is the same designation of professional qualifications as appears on the letterhead.
Not quite three years later, in a letter to Mass Medical dated June 21, 2012, Ortiz, by her attorneys, made a demand for relief pursuant to G.L.c. 93A, §§2 and 9(3). In the June 21st letter, Ortiz asserted that by sending her for an IME to be conducted by a health care professional who was not a medical doctor, Mass Medical had violated: G.L.c. 90, §34M; G.L.c. 112, §8A; G.L.c. 214, §1B; and G.L.c. 93A, §2. Mass Medical responded to Ortiz’s lawyer in a letter dated August 6, 2012, in which it declined to make any offer in settlement of Ortiz’s claims.[3] Ortiz filed this action on September 5, 2012, asserting violations of G.L.c. 214, §1B (Count I) and G.L.c. 93A, §§2 and 9 (Count II). The gist of her argument is that §34M only authorizes IMEs to be performed by medical doctors licensed pursuant to G.L.c. 112, §2. Because Boeglin was a physical therapist licensed under G.L.c. 112, §23, the IME was an “unreasonable, substantial or serious interference” with her privacy. Ortiz also contends that Mass Medical’s use of the word “physician” in its letter scheduling the IMA with Boeglin constituted an unfair and deceptive practice under c. 93A and violated G.L.c. 112, §8A.
Mass Medical now moves for dismissal on the grounds that the word “physician” as used in §34M includes health care practitioners such as physical therapists in addition to medical doctors, and therefore there has been no violation of Ortiz’s privacy rights or an unfair or deceptive act or practice, and, in any event, Count II must be dismissed as the complaint was filed after the expiry of the three-year statute of limitations.
DISCUSSION
To withstand a motion to dismiss, a plaintiffs complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect [a] threshold requirement. . . that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.” lannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting BellAtl Corp. v. Twombly, 127S.CL 1955, 1966 (2007) (internal quotations omitted). While a complaint need not set forth detailed factual allegations, a plaintiff is required to present more than labels and conclusions, and must raise a right to relief “above the speculative level. . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Id. See also Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 445 Mass. 745, 749 (2006).
1. Violation of G.L.c. 214, §1B (Count I)
Ortiz’s claim for invasion of privacy is governed by the three-year statute of limitations for tort actions set forth in G.L.c. 260, §2A. In Passatempo v. McMenimen, 461 Mass. 279, 293 (2012), the Supreme Judicial Court quoted the following elided passage from Koe v. Mercer, 450 Mass. 97, 101 (2007):
The general rule for tort actions is that an action accrues when the plaintiff is injured. This court has developed a discovery rule to determine when the statute of limitations begins to run in circumstances where the plaintiff did not know or could not reasonably have known that he or she may have been harmed by the conduct of another . . . Under this discovery rule, the statute of limitations starts when the plaintiff [1] discovers, or [2] reasonably should have discovered, that he has been harmed or may have been harmed by the defendant’s conduct.
Assuming, arguendo, that a person who was being treated by a physical therapist for an injury to her knee could be harmed or experience a substantial interference with her privacy rights by being examined by a doctor of physical therapy, Mass Medical argues that Ortiz either knew or should have discovered that Boeglin was not a medical doctor no later than August 16, 2009, when her counsel received the August 13, 2009 letter from Commerce, enclosing Boeglin’s report. Ortiz filed this action on September 5, 2009, over three years later. By then, Count I was time-barred.
Ortiz takes the position that a factual inquiry is necessary to determine whether, under these circumstances, the discovery rule tolls the statute of limitations. She asserts the August 13, 2009 letter to her attorney is not sufficient to say, as a matter of law, that she was then on inquiry notice that Boeglin was not a physician, but rather a doctor of physical therapy. The court disagrees.
The Commerce letter identifies Boeglin as “D.P.T., O.C.S.” While Ortiz (or her counsel) might not have known what those letters stood for, the absence of the letters M.D. should have been revealing. In any event, Boeglin’s report, enclosed with the letter, clearly identifies him, in three conspicuous places, as a Doctor of Physical Therapy. No reasonable person, and certainly not an attorney representing a client in a personal injuiy action arising out of an automobile accident, could conclude that Boeglin was anything other than a physical therapist.[4] Because Ortiz was aware of any putative injury suffered as a result of being examined by a doctor of physical therapy by at the latest by August 16, 2009, Count I is time-barred.
*337 2. Violation of G.L.c. 93A, §§2 and 9 (Count II)
Ortiz’s contention that Mass Medical’s use of the term “physician” in its notification letter violated c. 93A fares no better. As an initial matter, the Court agrees with Ortiz that §34M requires an IME be conducted by a medical doctor licensed under G.L.c. 112, §2, for the reasons set forth in Ortiz v. Examworks, Suffolk Civil No. 12-3325-BLS1 (December 19, 2012) (Billings, J.).[5] While §34M is less than a model of clarity, Mass Medical’s assertion that “physician” should be interpreted.to include allied medical.professionals is unpersuasive. But that does not end the matter.
Chapter 93A provides a right of action to a consumer “who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two [of chapter 93A] or any rule or regulation issued thereunder.” An act or practice is a violation of G.L.c. 3A, §2 if it “fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.” 940 Code Mass. Regs. §3.16(3) (1993); see also Calimlim v. Foreign Car Ctr., Inc., 392 Mass. 228, 235 (1984).
In its broadest sense, §34M appears to be, in part, a consumer protection statute in that, among other things, it tells the insurer when it must make payment of PIP benefits and what steps it must take to refuse to pay a health care provider’s bills. In consequence, a violation of the statute could constitute a per se violation of c. 93A. Nonetheless, its protections, and thus those of c. 93A, can be invoked only against an insurer.[6] The court observes that Ortiz has not sued her insurer Commerce, but rather Mass Medical. In theory, Commerce might be liable for Mass Medical’s violation of §34M, as Mass Medical was certainly acting as Commerce’s agent in arranging for a physical examination to be performed by a licensed health care provider who was not a medical doctor. However, it is also necessary to identify that part of §34M that protects the rights of an insured like Ortiz. The statute prohibits Commerce from refusing to pay PIP benefits for the benefit of Ortiz based upon a physical examination performed by someone other than a medical doctor. In consequence, Commerce could not have relied upon Boeglin’s report to refuse to pay Ortiz’s physical therapist. See Maria Martin v. Premier Insurance Company of Massachusetts, District Court Department, Springfield Division (December 29, 2011). There is no allegation in the complaint that Commerce did this, and therefore no allegation that Commerce violated any part of §34M designed to protect insureds.
Nor does any violation of G.L.c. 112, §8A[7] constitute a violation of c. 93A. The Legislature enacted c. 93Ato improve the relationship between consumers and businessmen and encourage more equitable behavior in the marketolace. Manning v. Zuckerman, 388 Mass. 8, 12 (1983).[8] To the extent that Mass Medical incorrectly referred to Boeglin as a physician instead of a doctor of physical therapy, such action did not constitute an unfair or deceptive practice in violation c. 93A.
Finally, Ortiz has failed to allege sufficient facts as to injury. While a plaintiff seeking redress under c. 93A need not show actual, quantifiable damages, she must prove causation—that the defendant’s unfair or deceptive act caused an adverse consequence or loss. Rhodes v. AIG, Domestic Claims, Inc., 461 Mass. 486, 496 (2012). Loss has been broadly defined as encompassing not only pecuniary loss, but severe emotional distress as well as “the invasion of any legally protected interest of another.” Hershenow v. Enterprise Rent-a-Car Co. of Boston, Inc., 445 Mass. 790, 799 (2006). Even were the Court to conclude that §34M read in conjunction with c. 176D, §3(9) provided Ortiz protection vis-a-vis Mass Medical, noncompliance with a consumer-protection statute or regulation, standing alone, does not “automatically constitute! ] an ‘injury’ under G.L.c. 93A (. . . an injury per se) . . . There is nothing to suggest that the Legislature ever intended such a result.” Id. at 801.
Ortiz claims that she “took a significant amount of her personal time to prepare for, travel to, and from, and submit to a physical examination.” She also asserts that Mass Medical’s improper disclosure of Boeglin’s discipline prevented her from making an informed decision as to whether to attend the IME. There is no allegation that the examination was carried out improperly or incompetently, or that Commerce was misinformed of her medical condition. Nor does Ortiz claim that she would have refused to attend the IME if she had known it would be performed by someone other than a physician.[9] As to her personal time, presumably she would have spent the same amount of time if the examination had been conducted by a physician. In the absence of any cognizable injury causally linked to Mass Medical’s conduct, Ortiz’s c. 93A claim fails as a matter of law.
ORDER
For the forgoing reasons, Defendant Mass Medical Services. Inc.’s Motion to Dismiss is ALLOWED.

Who was not the attorney representing her in this action.

In it’s response letter, Mass Medical makes essentially the same arguments that it asserts in support of this motion.

Nhat Mass Medical’s notification letter to Ortiz identified Boeglin as a “physician” is of no moment. While she may have assumed that Boeglin was a medical doctor on that basis, she certainly would have been disabused of this notion upon receipt of the August 13, 2009 letter and report, both of which forthrightly disclosed Boeglin’s credentials. Compare Passatempo, where one defendant fraudulently concealed the underlying deceit from the plaintiff and the statute of limitations was tolled as to that defendant. 461 Mass, at 295-96.

Section 34M reads, in pertinent part:
*338 The injured person shall submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.

he no-fault system enacted in 1970 was intended to control the costs of compulsoiy automobile insurance, Metropolitan. Prop. & Cas. Ins. Co. v. Blue Cross & Blue Shield of Massachusetts, Inc., 451 Mass. 389, 394 (2008), and to ensure the immediate payment of the injured party’s most pressing items of cost: medical expenses. Pinnick v. Cleary, 360 Mass. 1, 8 (1971).

General Laws, c. 112, 8A reads:
No person may, directly or indirectly, use the title “physician” or display or use the term physician in any title, advertisement, listing of affiliations, communication with the public or in any other manner to indicate or imply in any way that such person offers to engage or engages in the practice of medicine or in the provision of health care services to patients within the commonwealth who is not registered by the board of registration in medicine as a physician under section 2. This section shall not apply to use of the term “chiropractic physician” by individuals licensed and practicing under sections 89 to 97, inclusive, or the use of the term “podiatric physician” by individuals licensed and practicing under sections 13 to 22, inclusive, or the use of the term “physician assistant” by individuals licensed and practicing under sections 9C to 9K, inclusive. A person who violates this section shall be punished by a fine of not less than $100 and not more than $1,000 or by imprisonment for not less than 30 days and not more than 1 year in the house of corrections, or by both such fine and imprisonment.

It is not clear that G.L.c. 112, §8A applies to someone who incorrectly refers to a third parly as a physician.

The complaint does not allege that Ortiz did not receive PIP benefits.